**Application of WISCONSIN ALUMNI RESEARCH FOUNDATION.**

**Civil Action No. 3733.**

District Court, D. New Jersey.
Jan. 25, 1945.

French, Richards & Bradley, of Camden, N. J. (S. E. Capehart, of Camden, N. J., and Ward Ross, of Chicago, Ill., of counsel), for plaintiff.

M. Joseph Greenblatt, of Vineland, N. J. (Harry C. Bierman, of New York City, of counsel), for defendants.

FORMAN, District Judge.

Plaintiff in the above action has its principal office and place of business in the State of Wisconsin. It filed its complaint against the defendants in the United States District Court for the Northern District of Illinois at Chicago for alleged patent infringement. The defendants did not answer but appeared specially before the court and moved to dismiss the action for lack of jurisdiction, insufficiency of process and improper venue. The motion is still pending in that court.

The parties stipulated that depositions of the defendant, Rayney, and the witness, Gill, already taken under some informal agreement between them, might be used upon the argument of the motion. Later they further agreed to take more depositions from witnesses in Vineland, New Jersey. Pursuant thereto witness Gill was interrogated at length by plaintiff's counsel. He was directed to decline to answer many questions by defendants' counsel. Upon the record of this examination it was further agreed that another witness, Limpert, if called, would similarly decline to answer the same questions propounded to, and unanswered by, Gill.

Plaintiff now moves before this court under Rule 37(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to compel Gill and Limpert to testify in answer to the said questions and under Rule 45(d) of the said rules for the issuance of a subpoena duces tecum.

Depositions may be taken by leave of the court before answer is filed under Rule 26(a) as follows:

"When Depositions May be Taken. By leave of court after jurisdiction has been obtained over any defendant or over property which is the subject of the action or without such leave after an answer has been served, the testimony of any person, whether a party or not, may be taken at the instance of any party by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action or for both purposes. The attendance of witnesses may be compelled by the use of subpoena as provided in Rule 45. Depositions shall be taken only in accordance with these rules. The deposition of a person confined in prison may be taken only by leave of court on such terms as the court prescribes." Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The Rules provide for the making of motions for the protection of parties and deponents [Rule 30(b)] and to terminate or limit examinations [Rule 30(d)]. Refusal to answer may be dealt with by invoking Rule 37(a) by an application to the court in the district where the deposition is taken for an order compelling an answer. The failure to comply with such order is contempt of the court issuing it. Rule 37(b) (1).

In the instant case the depositions were taken without leave of the District Court in Illinois, although no answer had been served. When a motion to dismiss an action on the ground of lack of jurisdiction is before a court it is within its discretion to determine whether any issues of fact are raised by the motion upon which depositions may throw some light. It is only in the exceptional or unusual case that the need for discovery arises and should be allowed before service of answer. Seman v. Leibovitz, D.C., 1 F.R.D. 280. However, such an exception has been held to exist where a defendant foreign corporation serves in advance of answer a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure, on the ground of insufficiency of service of process. In such case the district court should ordinarily grant leave to plaintiff to take depositions on issues of fact, if any, raised by the motion, such as matters relating to the question of whether the foreign corporation is doing business in the state and whether the person served is an agent of the corporation who is authorized to receive service of process under Rule 4(d) (3, 7); Urquhart v. American-La France Foamite Corporation, App.D.C., 144 F.2d 542.

In taking depositions before service of answer it is quite clear that an order of the court must be obtained. After answer is filed, the issues have been delineated and no order of the court is necessary, but prior to such delineation of the issues it is necessary to keep the matter of taking depositions within the control of the court. During a discussion at the New York Symposium on the Federal Rules of Civil Procedure, held in October of 1938, Professor Edson R. Sunderland, of the University of Michigan Law School, a member

of the Advisory Committee of the Supreme Court charged with drafting said Rules, observed:

"Rule 26(a) prescribes the time of taking deposition. After jurisdiction is obtained over the defendant or over property and *before the answer is served, there must be leave of the court;* but after the answer is served the deposition may be taken without leave. The theory is that until the answer is served there may be little to indicate what the issues are. It is true that even after the answer is filed there may be no indication of the issues on the pleadings; but the test of relevancy will doubtless be based on what issues the parties are likely to raise on the trial, where the issues are not fully disclosed on the pleadings." (Italics supplied.)

In the case before us counsel for the parties discounted the rules and agreed between themselves to take the depositions. This deprived the trial court of its discretion with regard to authorizing the depositions and its direction as to the scope the investigation should take if it was allowed.

Counsel having ignored the rule proceeded to debate the validity of the questions propounded as if they had complied with it. This procedure would compel this court to determine the scope of the examination under the depositions, a matter entirely within the province and discretion of the trial court in Illinois because the ultimate issue of jurisdiction must be passed upon by it.

Unfettered by any direction of the trial court, the questions were not confined to any charted issues and in this respect present a perfect illustration of the efficacy of the requirement of Rule 26(a) that before answer is filed permission must be given by the trial court for the taking of depositions. Before this court can rule upon the validity of questions propounded to witnesses in this cause, it will be necessary for an application to be made to the trial court for an order authorizing the taking of depositions and determining the scope of the examinations. Unless that leave is given and the scope determined, this court can not prepare itself to enforce the rights of the plaintiff under such directions pursuant to the remedies offered by the rules. Until then the motion now before this court to compel answer and to issue subpoena duces tecum must be denied.