168

COMMANDER–LARABEE MILLING CO. v.
MANUFACTURERS & TRADERS
TRUST CO.
Civ. No. 2139.

District Court, W. D. New York.
Sept. 7, 1945.

See, also, D.C., 61 F.Supp. 341.

Saperston, McNaughtan & Saperston, of Buffalo, N. Y. (Richard H. Wile, of Buffalo, N. Y., of counsel), for plaintiff.

Babcock, Newbury & Russ, of Buffalo, N. Y. (Hugh McM. Russ, of Buffalo, N. Y., of counsel), for defendant.

KNIGHT, District Judge.

■ The defendant before answering moves under Rule 26(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for leave of the court to take the depositions of "officers and employees" of the plaintiff on oral interrogatories, and to require the production for inspection of certain books and documents of the plaintiff. Since the motion is not made for the preservation of testimony of parties or witnesses, it should be granted only under special circumstances. The reason therefor is apparent. Under Rule 12(e) of the aforesaid Rules, the defendant was authorized to apply for a bill of particulars to prepare its answer. In the instant case such a motion was made and a bill of particulars served. The defendant has the right to take depositions and to discovery after answering, without application to the court. Rule 26(a), supra. These conditions point the necessity of presenting a strong case for the allowance of this motion. Seman v. Leibovitz, D.C., 1 F.R.D. 280; Application of Wisconsin Alumni Research Foundation, D.C., 4 F.R.D. 263, 265; Moore's Federal Practice, Vol. 2, Rule 26, p. 2435 et seq. It is true that many of the facts which may be relevant to certain of the issues indicated by the defendant are within the knowledge of the plaintiff and probably not of the defendant. This is a case in which this is peculiarly so. The proposal for the examination of "officers and employees" of the plaintiff is broad and certain of the requests for the production of documents are irrelevant and in effect duplications of others. Certain of the requests, however, are material and should be allowed.

■ One objection raised to the leave requested is that the requests to take depositions of "officers and employees" of the plaintiff does not meet the requirements of Rule 30(a) of the Rules of Civil Procedure. That Rule states that the notice to take depositions shall give "the name and address of each person to be examined, if known, and, if the name is not known, a general description sufficient to identify him for the particular class or group to which he belongs." The application herein neither names nor gives the address of any of the

"officers or employees" nor does it show inability to give the same and a description of them. Leave, therefore, to take the depositions of "officers and employees" of the plaintiff is denied. Cohen v. Pennsylvania R. Co. et al., D.C., 30 F.Supp. 419.

What has been said with reference to the aforesaid notice does not apply to the application for the inspection of certain documents. The defendant is entitled to the books and documents as described in the following subdivisions under Paragraph 2 of the motion papers, to wit: (1), (4), (5), (7) and (13). There may be considerable doubt about the relevancy of certain of the documents permitted to be examined, but the permission can do no harm.

Some question has arisen as to where the taking of these depositions should be had. Since the plaintiff company has its office in this district, it is believed that the examination in the first instance should be held here. It may develop that it is necessary to take depositions elsewhere, and application therefor can later be made. The court then would, also, pass upon the terms and conditions for such an allowance.

It is believed that the defendant is entitled to some examination of "officials and employees" of the plaintiff. If the objections raised by the plaintiff are withdrawn and the names and addresses of the parties to be examined stipulated, the court will then pass upon the question of limitation of the examination.