## COLLINGS et al. v. GUARANTEE TRUST CO.

### No. 3674.

District Court, D. New Jersey.

July 12, 1934.

Walter Carson, of Camden, N. J., for plaintiffs.

Cole & Cole, of Atlantic City, N. J., for defendant.

AVIS, District Judge.

This action was instituted by plaintiffs, who are alleged to be residents of the state of Pennsylvania, against defendant, a New Jersey corporation, to recover the amount due on certain coupons formerly annexed to bonds issued by the Linwood Country Club of Atlantic county, N. J.

The complaint alleges that on May 1, 1925, Linwood Country Club issued certain mortgage bonds in the amount of $300,000, which bonds were afterward, some time in May, 1925, sold by Atlantic Safe Deposit & Trust Company (hereinafter called trust company) to Brooke, Stokes & Company of Philadelphia, Pa. This sale was consummated at a price of $930 for each $1,000 bond, upon the guarantee by said trust company, in writing, indorsed on each bond in the following language:

"Atlantic Safe Deposit and Trust Company.

"For Value Received, and in consideration of the purchase of the within bond by the Holder assumes and guarantees the payment of principal and interest thereof when the same become due respectively.

"Atlantic Safe Deposit and Trust Co.
"By Joseph Thompson [signed]
"President."

The bonds were subsequently sold by Brooke, Stokes & Company to sundry purchasers, and, in December, 1931, said trust company merged with some other banking institutions in Atlantic City in this district, under the name of Guarantee Trust Company. The complaint further alleges that the plaintiffs are the holders of 193 of said bonds and the coupons for interest due on November 1, 1932, which interest has not been paid, and the plaintiffs claim damages for interest due on these coupons, a total of $5,790.

An answer was filed containing certain defenses which will hereinafter be noted.

Plaintiffs move to strike the answer and defenses, and to enter summary judgment, on the ground that they are sham.

■ The first defense in the answer is a denial that the plaintiffs are resident in the state of Pennsylvania. It appears conclusively by the affidavits presented, and in no way rebutted, that all of the plaintiffs are residents of the state of Pennsylvania. This denial relates to the jurisdiction of the court, and, while it is a question of fact, the decision as to jurisdiction is for the court and not a jury to determine.

The denials contained in the answer, based upon a want of knowledge, are either on immaterial matters or have by affidavits been demonstrated as true, and are not denied by any counter affidavits.

■ Paragraph 6 of the complaint, which alleges the responsibility of the defendant by reason of the merger of the sundry banking institutions, is denied as a matter of law only. The court is satisfied that the institutions merged in the trust company, under the name of Guarantee Trust Company, and, while the defendant might still be responsible if it had not been the parent corporation in the merger, the fact that it was the parent corporation establishes its responsibility for any liabilities incurred by it under the title Atlantic Safe Deposit & Trust Company.

■ The first separate and distinct defense is that the guaranty, if made, was ultra vires the trust company, and cannot be enforced. It is apparent that the contract was an independent one, made by the trust company to enable it to dispose of the bonds.

464

A consideration of the cases bearing upon this point convinces me that the trust company had the legal right to enter into the contract, and is liable to the holders of the bonds for the payment of the amount due on the coupons.

■ The last specific defense contained in the original answer claims that the alleged contract or guaranty is not binding, because of lack of consideration. It is apparent from the proofs that the transaction was a sale of the bonds for the account of the trust company; the purchase price went to it, and the consideration appears to be a valuable one. Recent decisions in the state courts sustain the responsibility of trust companies under somewhat similar conditions.

■ By amendment defendant pleads that the plaintiffs' action cannot be sustained, because the mortgage which secured the bonds has not been foreclosed, and under this defense defendant insists there can be no recovery.

As suggested, this is an independent action on a guaranty, is not a proceeding against a mortgagor, and I am satisfied is not forbidden by the statute requiring foreclosure before proceeding on the bond.

■ The jurisdiction of the court is questioned because of the fact that there is no distinct allegation in the complaint showing that the amount in controversy is $3,000 or over. The facts in the complaint, however, conclusively show the actual amount is in excess of $3,000, and this has been held sufficient to give the court jurisdiction.

■ Defendant also contends that the plaintiffs are acting in the capacity of collectors for sundry holders of the bonds and coupons; that the citizenship of the individuals interested may not be diverse, and each may not, individually, have a claim sufficient in amount to justify this court in taking jurisdiction. The proofs show that plaintiffs are acting as a committee for sundry holders of bonds, a number of said holders being residents of New Jersey, and most or all of whom probably are personally entitled to less than the amount required to give this court jurisdiction. It appears, however, that the committee are, under the provisions of a deposit agreement, the legal and equitable owners of the bonds and coupons, and entitled to sue thereon.

This question has been recently determined in the Supreme Court of the United States in the case of Bullard et al. v. City of Cisco, 290 U. S. 179, 54 S. Ct. 177, 181, 78 L. Ed. 254, 93 A. L. R. 141. In that case the court said:

"To summarize, we think it apparent from the agreement as a whole that resort to litigation was not the principal thing in mind when it was being made, and that what was intended was to invest the trustees with full title and such discretionary powers as might enable them to effect a helpful adjustment of the situation through refinancing, composition, exchange of securities and other means, including litigation if needed.

"As the transfers under which the plaintiffs held the bonds and coupons were made to them as trustees, were real and not simply for purposes of collection, and invested them with the full title they were entitled by reason of their citizenship and of the amount involved, to bring the suit in the federal court. The beneficiaries were not necessary parties and their citizenship was immaterial." (Citing cases.)

290 U. S. 190, 54 S. Ct. 181, 78 L. Ed. 254, 93 A. L. R. 141.

I conclude that none of the pleas or defenses raises a disputed question of fact requiring the submission of the case to a jury, and therefore the answer and defenses will be stricken, and summary judgment ordered in accordance with the claim in the complaint.