## GUARANTEE TRUST CO. v. COLLINGS et al.

### No. 5588.

Circuit Court of Appeals, Third Circuit.

March 1, 1935.

Cole & Cole and C. L. Cole, all of Atlantic City, N. J., for appellant.

Walter Carson, of Camden, N. J., for appellees.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below four men brought suit against the Guarantee Trust Company to recover on its guarantee, under its former corporate name, the amount payable on certain bonds and coupons issued by the Linwood Country Club. The guarantee, which was indorsed on said bonds, reads as follows:

Trust Company "For Value Received, and in consideration of the purchase of the within bond by the Holder assumes and guarantees the payment of principal and interest thereof when the same become due respectively."

The case was heard by the court on the pleadings and affidavits. It held the defense set up was "sham and insufficient in law, and that the defendant has failed to show such facts as entitled it to defend, and that the affidavits submitted on behalf of the plaintiffs are sufficient." Thereupon defendant took this appeal. Reference to the opinion of the court below (10 F. Supp. 462) saves needless repetition of the defenses set up.

In accordance with our rule 24 (c), appellant states the questions involved as follows: "The basic question involved is the right and power of Judge Avis to order a summary judgment on ex parte affidavits based on the fact that the answer denied diversity of citizenship, and that the complaint is defective on another jurisdictional question, and withdrawing from consideration by a jury of essential facts involved on the face of the pleadings."

Turning to those questions, we think the court had a right to itself determine the citizenship of the plaintiffs without referring that question to a jury. See Wetmore v. Rymer, 169 U. S. 115, 18 S. Ct. 293, 42 L. Ed. 682.

As to the contention that plaintiffs have not shown ownership of the guaranteed bonds, it suffices to say the creditors' committee agreement, under which the plaintiffs acted, was similar to that in Bullard v. City of Cisco, 290 U. S. 179, 54 S. Ct. 177, 181, 78 L. Ed. 254, 93 A. L. R. 141, where a

suit by the individuals comprising the committee was sustained, the Supreme Court saying: "As the transfers under which the plaintiffs held the bonds and coupons were made to them as trustees, were real and not simply for purposes of collection, and invested them with the full title they were entitled, by reason of their citizenship and of the amount involved, to bring the suit in the federal court."

After consideration of all questions involved, we are of opinion the court committed no error, and its judgment is affirmed.