### WATTERS v. RALSTON COAL CO.
### No. 4233.

District Court, M. D. Pennsylvania.
Nov. 16, 1938.

Charles F. Bidelspacher and Charles Bidelspacher, Jr., both of Williamsport, Pa., for plaintiff.

H. Swank Phillips, of Williamsport, Pa., for defendant.

JOHNSON, District Judge.

This is a motion by defendant to quash the summons and to dismiss the proceedings for lack of jurisdiction. The statement alleges diversity of citizenship as ground for the jurisdiction of the court, setting out that the plaintiff is a citizen of the State of Ohio, and that the defendant is a citizen of the State of Pennsylvania. The motion to dismiss, verified by affidavit, denies that the plaintiff is a citizen of Ohio, and alleges that he is in fact a citizen of Pennsylvania.

Defendant contends, first, that plaintiff's citizenship was not properly alleged in the statement; and, secondly, that the case must be dismissed on the ground that there is no diversity of citizenship, as a matter of fact.

The statement alleges: "1. The plaintiff is an individual, and a citizen of the United States, and a citizen of the State of Ohio, and is domiciled in the State of Ohio." This allegation sets forth the ultimate fact, to wit, citizenship, and is sufficient. Brown v. Keene, 8 Pet. 112, 115, 8 L.Ed. 885. In fact, the statement contains the exact words used in the official forms prepared as an appendix to the new Rules of Civil Procedure for the District Courts of the United States. 28 U.S.C.A. following section 723c. Thus there is no merit in defendant's first contention.

Defendant's second contention, however, brings up an issue of fact which raises serious doubt as to the jurisdiction of the court. Such an issue may be disposed of as a preliminary matter by the court, or may be submitted to the jury. Wetmore v. Rymer, 169 U.S. 115, 120, 18

S.Ct. 293, 42 L.Ed. 682; Guarantee Trust Company v. Collings, 3 Cir., 76 F.2d 870, certiorari denied 295 U.S. 747, 55 S.Ct. 825, 79 L.Ed. 1692. In either event, the plaintiff has the burden of supporting his jurisdictional allegation with competent evidence. McNutt v. General Motors &c., Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135.

In the case at bar, depositions should be taken so that the court may have proper evidence before it upon which to determine the citizenship of the plaintiff. If the plaintiff's citizenship be not clearly established by depositions, this question will then be submitted to a jury.

And now, this 16th day of November, 1938, it is ordered that depositions be taken within thirty days in accordance with law and rule of court to determine the citizenship of the plaintiff.