## JIFFY LUBRICATOR CO. v. ALEMITE CO. et al.

District Court, D. North Dakota, S. E. Division.

June 22, 1939.

386

Leonard L. Kalish, of Philadelphia, Pa. (Charles M. Pollock, of Fargo, N. D., of counsel), for plaintiff.

Lynn A. Williams, of Chicago (Nilles, Oehlert & Nilles, of Fargo, N. D., of counsel), for defendants.

NORDBYE, District Judge.

The only question of any moment is the authority of this Court to permit the plaintiff to take depositions limited to the question of jurisdiction under Rule 26(a) of the new Federal rules, 28 U.S.C.A. following section 723c. Defendants allege that jurisdiction has not been obtained over them, and having filed their motion to dismiss and to quash service, it is urged that no depositions can be taken by the plaintiff to produce facts to meet the affidavits filed in support of the motion to dismiss. Defendants call attention to the language of the rule which provides that depositions may be taken by leave of court "after jurisdiction has been obtained over any defendant." No answer has been served.

That the summons and complaint and return of service prima facie vest this Court with jurisdiction cannot be subject to much doubt. This Court has jurisdiction to determine the motion to dismiss. It may decide this motion on the complaint and affidavits submitted, or hear testimony bearing upon the question. It would seem that it is within the spirit and intent of the new rules, under these circumstances, to permit the Court to authorize the taking of depositions which are limited to the question of jurisdiction raised by defendants' motion. Under the former practice, it was customary to order that oral testimony be taken at the hearing if the Court was of the opinion that it would be more satisfactory to decide the question of jurisdiction on oral evidence rather than on affidavits. It is fair to assume that the framers of Rule 26(a) contemplated that, in conformity with that practice, depositions may be taken under the circumstances presented herein in order to facilitate a more satisfactory showing thereby. The nature of the jurisdictional issues presented apparently requires a full and complete hearing.

The views expressed herein are supported by Moore's Federal Practice under the New Civil Rules, which states (p. 2467): "Where the defendant serves in advance of answer a motion to dismiss under Rule 12 (b), such as a foreign corporation moving to dismiss on the ground of the insufficiency of service of process, it would seem that the court should ordinarily grant leave to the plaintiff to take depositions on the issues of fact, if any, raised by the motion, such as matters relating to the question whether the foreign corporation is doing business in the state, and whether the person served is an agent of the corporation who is authorized to receive service of process under Rule 4(d) (3), (7)."

Motion denied.