## URQUHART et al. v. AMERICAN–LA FRANCE FOAMITE CORPORATION.

No. 8645.

United States Court of Appeals
District of Columbia.

Argued May 9, 1944.
Decided Aug. 7, 1944.
Writ of Certiorari Denied Dec. 4, 1944.
See 65 S.Ct. 273.

Mr. J. Matthews Neale, of Washington, D. C., with whom Mr. William A. Strauch, of Washington, D. C., was on the brief, for appellants.

Mr. Oscar W. Jeffery, of New York City, with whom Messrs. Harry G. Kimball and Richard K. Stevens, both of Washington, D. C., were on the brief, for appellee.

Before MILLER, EDGERTON, and ARNOLD, Associate Justices.

ARNOLD, Associate Justice.

Plaintiffs brought this action in the District of Columbia against the defendant, a non-resident corporation, for the infringement of two patents. The sole question involved in this appeal is whether the District Court had jurisdiction. Section 48 of the Judicial Code, 28 U.S.C.A. § 109, has been held by the Supreme Court to be the only statute which confers jurisdiction over a non-resident in an infringement suit.[1] The statute reads as follows:

"In suits brought for the infringement of letters patent the district courts of the United States shall have jurisdiction, in law or in equity, in the district of which the defendant is an inhabitant, or in any district in which the defendant, whether a person, partnership, or corporation, shall have committed acts of infringement and have a regular and established place of business. If such suit is brought in a district of which the defendant is not an inhabitant, but in which such defendant has a regular and established place of business, service of process, summons, or subpœna upon the defendant may be made by service upon the agent or agents engaged in conducting such business in the district in which suit is brought."

The defendant moved to dismiss the complaint and to quash service on the ground that (1) it had no established place of business in the District within the meaning of the above statute, and (2) no infringing acts occurred in the District. The court found for the defendant on both grounds and dismissed the complaint. From this order the plaintiffs appeal.

The following facts appear in the record bearing on the question whether the defendant had an established place of business in the District of Columbia: Defendant is a New York corporation. It maintains an office in the District. Its name is displayed on the door and listed in the telephone directory. The office force consists of a manager, a stenographer and two salesmen. The salesmen not only take orders for the defendant's products in the District but also in neighboring states. The return on the summons shows that service of process was had on the manager of the office.

On the basis of these facts we believe that the court erred in finding that the defendant did not have an established place of business in the District of Columbia. Used in its ordinary sense the term certainly includes the defendant's establishment; indeed, it would be difficult to imagine what other term could be applied to it since the office is permanent and the employment and activities substantial. The case on which the court below relies in concluding that the defendant did not have an established place of business is Tyler Co. v. Ludlow-Saylor Wire Co.[2] It was there held that a non-resident corporation which shared an agent with another corporation did not have such an establishment within the meaning of the statute. But these are not the facts here. Recent cases have upheld jurisdiction in a patent infringement suit against defendants maintaining a permanent office coupled with substantial business activity.[3]

---

[1] Stonite Products Co. v. Melvin Lloyd Co., 1942, 315 U.S. 561, 563, 62 S.Ct. 780, 86 L.Ed. 1026.

[2] 1915, 236 U.S. 723, 35 S.Ct. 458, 59 L.Ed. 808.

[3] Shelton v. Schwartz, 7 Cir., 1942, 131 F.2d 805, 808:

"Nor should the term 'a regular and established place of business' be narrowed or limited in its construction.

* * * A foreign corporation may have a regular and established place of business, although the business therein is merely securing orders and forwarding them to the home office of the nonresident corporation. To hold otherwise would be contrary to the factual information which is possessed by all and which must be attributed to Congress."

See also James P. Marsh Corp. v. United

■■ The second ground on which the order dismissing the action is based is that no act of infringement occurred in the District. This finding is based on affidavits. The court refused plaintiffs permission to take depositions for the purpose of disproving the allegations of defendant's affidavits on the theory that Rule 26(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c permits discovery only after jurisdiction has been obtained. Therefore, depositions may not be taken in order to support a jurisdictional allegation.

We believe that such an interpretation of Rule 26(a) is error. In many cases it would in effect make it impossible for a plaintiff to obtain counter-evidence against the defendants' affidavits. The correct interpretation as we see it is found in Moore's Federal Practice as follows:[4]

"Where the defendant serves in advance of answer a motion to dismiss under Rule 12(b), such as a foreign corporation moving to dismiss on the ground of the insufficiency of service of process, it would seem that the court should ordinarily grant leave to the plaintiff to take depositions on the issues of fact, if any, raised by the motion, such as matters relating to the question whether the foreign corporation is doing business in the state, and whether the person served is an agent of the corporation who is authorized to receive service of process under Rule 4(d) (3), (7)."

The above quotation has been approved in the case of Jiffy Lubricator Co. v. Alemite Co.[5]

■■ We recognize that the court has discretion under Rule 43(e) to decide on affidavits alone such a motion to dismiss as the one we are considering here. However, the court did not exercise its discretion in this case and in view of the terms of the affidavits it is likely that permission would have been granted to take depositions had the court thought it had power to do so.

■ The record discloses, however, a preliminary question on which there should be a hearing and a finding before the court exercises its discretion on the request for depositions. It appears that plaintiffs are residents of Pennsylvania, maintaining no place of business in the District. The principal place of business of the defendant is in New York. No reason is disclosed by the plaintiffs why the suit should be brought in the District of Columbia, an apparently inconvenient forum for both parties. It is settled that district courts having jurisdiction by virtue of a federal statute have discretion to withhold the exercise of the jurisdiction conferred upon them where the parties are non-residents and where there is no want of another suitable forum.[6]

The reason for that discretion is to protect the courts against the abuse of the opportunity of non-residents to resort to their jurisdiction in the enforcement of claims against citizens of other states. As one writer has said:[7]

"Upon what has come to be known as the doctrine of forum non conveniens, some courts have, without resort to statute, re-

---

States Gauge Co., 7 Cir., 1942, 129 F. 2d 161; Remington Rand Business Service, Inc., v. Acme Card System Co., 4 Cir., 1934, 71 F.2d 628. Cf. Phillips v. Baker, 9 Cir., 1941, 121 F.2d 752, certiorari denied 1941, 314 U.S. 688, 62 S.Ct. 301, 86 L.Ed. 551. But see Elevator Supplies Co. v. Wagner Mfg. Co., D.C.S.D. N.Y.1931, 54 F.2d 937, affirmed, 2 Cir., 1931, 54 F.2d 939.

[4] Moore's Federal Practice (1938) 2467, 2468.

[5] D.C.N.D.1939, 28 F.Supp. 385. See also Watters v. Ralston Coal Co., D.C. M.D.Pa.1938, 25 F.Supp. 387. Contra: Fox v. House, D.C.E.D.Okl.1939, 29 F. Supp. 673.

[6] Commonwealth of Massachusetts v. Missouri, 1939, 308 U.S. 1, 19, 60 S.Ct. 39, 84 L.Ed. 3; Rogers v. Guaranty Trust Co., 1933, 288 U.S. 123, 130, 131, 53 S.Ct. 295, 77 L.Ed. 652, 89 A.L.R. 720; Canada Malting Co. v. Paterson

Steamships, Ltd., 1932, 285 U.S. 413, 418 and 423, 52 S.Ct. 413, 76 L.Ed. 837. Cf. Curley v. Curley, 1941, 74 App.D.C. 163, 120 F.2d 730; Melvin v. Melvin, 1942, 76 U.S.App.D.C. 56, 129 F.2d 39.

[7] Stumberg, Conflict of Laws (1937) 150. The confusion which has resulted from the increased interstate activity of corporations and the efforts of the courts to find some definite criteria for guidance has led one writer to conclude: "For certain purposes, hard and fast mechanical rules eventually become unsuitable and inadequate. Insofar as our present problem is concerned, it is obvious that the complexity of new situations must progressively increase. There is only one sufficiently elastic method of assuring adjustment and that is by reposing the determination of the border-line situations in the discretion of the court." Dainow, The Inappropriate Forum (1935) 29 Ill.L.Rev. 867, 870.

fused to entertain jurisdiction in cases involving certain causes of actions when suit is between non-residents or aliens. The reasons for refusal vary considerably. They include unwillingness to extend local judicial facilities to non-residents or aliens when the docket may already be overcrowded; the belief that the non-resident plaintiff sought the forum to secure procedural advantages or to annoy the defendant, and the belief that the matter can be better tried elsewhere."

■ In determining whether the court should withhold exercise of jurisdiction in this case considerations such as the convenience of the parties, the existence of an adequate remedy at the residence of the defendant, the availability of witnesses and testimony, should govern.

The order will be reversed and the cause remanded (1) for the court to determine whether it should retain jurisdiction over this case applying the principle of forum non conveniens, and (2) for the court to determine, in the exercise of its discretion, whether to take depositions, in the event the first issue is resolved in plaintiffs' favor.

Reversed and remanded.

For collection of authorities see Blair, The Doctrine of Forum Non Conveniens in Anglo-American Law (1929) 29 Col. L.Rev. 1; Foster, Place of Trial in Civil Actions (1930) 43 Harv.L.Rev. 1217, and Place of Trial—Interstate Application of Intrastate Methods of Adjustment (1930) 44 Id. 41.