**ABRAMS et al. v. BENDIX HOME APPLIANCES, Inc.**

United States District Court
S. D. New York.

June 5, 1950.

---

634

Arnold G. Malkan, New York City, for plaintiffs.

Goldwater & Flynn, New York City, Monroe Goldwater, Oliver T. Cowan, New York City, and William C. Hare, Brooklyn, N. Y., of counsel, for defendant.

SAMUEL H. KAUFMAN, District Judge.

This suit is brought against a corporate defendant for an alleged violation of the antitrust laws. The complaint alleges that it "is filed under the Act of Congress of July 2, 1890, c. 647, 26 Stat. 209 as amended, commonly known as the Sherman Act [15 U.S.C.A. §§ 1–7, 15 note], under Sections 4, 12 and 16 of the Act of Congress of October 15, 1914, c. 323, 38 Stat. 730 and 731, 737, as amended, commonly known as the Clayton Act [15 U.S.C.A. §§ 15, 22, 26], and under chapter 592, Act of Congress of June 19, 1936, 49 Stat. 1526, commonly known as the Robinson-Patman Act [15 U.S.C.A. §§ 13, 13a, 13b, 21a], in order to prevent and restrain continuing violations of said statutes and to recover threefold the damages sustained by the plaintiffs and the cost of suit, including a reasonable attorney's fee."

Defendant moves (1) to quash the service of process and to dismiss for lack of jurisdiction of the person; and (2) to dismiss for improper venue.

It is undisputed that defendant is a Delaware corporation; that its main office and principal place of business is at South Bend, Indiana, and that a copy of the summons and complaint was left with defendant's secretary at South Bend, Indiana.

Since Section 12 of the Clayton Act, 15 U.S.C.A. § 22, provides that in a suit brought under the antitrust laws a corporation "may be served in the district of which it is an inhabitant, or wherever it may be found", there is no merit to the contention that service of process could not be made without the territorial limits of the State of New York.

Orange Theatre Corp. v. Rayherstz Amusement Corp., 3 Cir., 139 F.2d 871, certiorari denied Orange Theatre Corp. v. Brandt, 322 U.S. 740, 64 S.Ct. 1057, 88 L. Ed. 1573, holds nothing to the contrary. In that case individual defendants were involved.

The motion to quash the service of process and to dismiss for lack of jurisdiction of the person is denied.

The moving affidavits cast doubt upon the propriety of the venue. Plaintiffs have asked that they be permitted to examine defendant on that question, and they are entitled to do so.

Consequently, the motion to dismiss for improper venue will be denied, without prejudice to a renewal after plaintiffs have completed the taking of such depositions as they deem necessary to meet the issue, or in the event of their failure to proceed diligently with the taking thereof. The notices to take depositions should be served

as provided in the Federal Rules of Civil Procedure, 28 U.S.C.A. the examination at this stage of the case to be limited to the question of venue.

Settle order on notice.