CAVADEL v. ZOLIDIS.
MELNYK v. ZOLIDIS.
KRESZOCK v. ZOLIDIS.
Civ. A. Nos. 9006, 9023, 9024.

United States District Court
W. D. Pennsylvania.
Dec. 4, 1950.

F. J. Docktor and William C. Porter, Washington, Pa., for plaintiffs.

Lambert Turner, Jr. (Dickie, Robinson & McCamey), Pittsburgh, Pa., for defendants.

BURNS, District Judge.

Manuel G. Zolidis is defendant in all three cases here under consideration. Utilizing the provisions of Chapter 89 of the Judicial Code, 28 U.S.C.A. §§ 1441–1450, he obtained removal of the cases from the Court of Common Pleas of Washington County, Pennsylvania.[1] Plaintiffs have moved to vacate the removal orders and to remand the causes to the state court.

The removal to this Court was proper only if defendant Zolidis was not a citizen of Pennsylvania when the complaints and his petition for removal were filed; for plaintiffs are all citizens of

1. The removal order in Civil Action No. 9006 was made on July 21, 1950, and those in Nos. 9023 and 9024 on August 3, 1950.

Pennsylvania, and no ground for federal jurisdiction other than diversity of citizenship has been asserted. There appears to be no challenge at bar as to the power of this Court, without the intervention or aid of a jury, to determine the factual question of Zolidis' citizenship. Guarantee Trust Co. v. Collings, 3 Cir., 1935, 76 F.2d 870, certiorari denied 1935, 295 U.S. 747, 55 S.Ct. 825, 79 L.Ed. 1692. Likewise, it is clear that defendant has the burden of proof as to that issue. See McNutt v. General Motors Acceptance Corp., 1936, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135, and Messick v. Southern Pa. Bus Co., D.C.E.D.Pa., 1945, 59 F.Supp. 799, 800.

■ I find that defendant has not sustained his burden of proof. Five witnesses, two of whom were related to defendant, offered testimony strongly linking defendant with Canonsburg, Pennsylvania, even to the extent that each averred that he saw defendant there every day. Defendant can find little in their depositions to support his assertion that he changed his residence and citizenship to Cleveland.

The deposition of defendant is the only testimony pointing toward Ohio citizenship. The allegations of defendant are not buttressed by unequivocal acts—such as voting, for example—which would rebut the intimation that his professed Ohio citizenship exists solely for the purpose of claiming diversity of citizenship. To the contrary, I note that defendant applied for, and received, payment under the World War II Veterans' Compensation Act, 51 Purdon's St. § 455.1 et seq., and that he used Canonsburg as his home address in that connection although his eligibility for the compensation would not have been affected by post-war Ohio citizenship. 51 Purdon's St. §§ 455.2 and 455.3. Moreover, although defendant spoke strongly of his distaste for the Commonwealth of Pennsylvania, he did not display the firmness of intent to change his domicile and citizenship which would establish that within his contemplation there was more than a vague possibility of eventually going elsewhere. See Gallagher v. Philadelphia Transpor-

tation Co., 3 Cir., 1950, 185 F.2d 543.[2] Finally, it would not be amiss to note that the reason offered by defendant for his remaining in Canonsburg—that for ten months, he had been waiting in Canonsburg "because I heard a rumor that there is going to be an inquest held"—simply taxes credulity.

Accordingly, under the provisions of § 1447(c), 28 U.S.C.A. § 1447(c), the three cases at bar must be remanded to the Court of Common Pleas of Washington County, Pennsylvania.