### CHERO
v.
### COMPANIA MARITIMA HARI LTDA. PANAMA, S. A., et al.

United States District Court
S. D. New York.
Dec. 14, 1953.

Silas Blake Axtell, New York City, for plaintiff.

Kirlin, Campbell & Keating, New York City, for defendants.

SUGARMAN, District Judge.

Defendants, Compania Maritima Hari Ltda. Panama, S. A., and Simpson,

Spence and Young, agents, move for an order vacating plaintiff's notices to take their depositions dated September 4, 1953, the pertinent parts of which read as follows:

"* * * the plaintiff, by his attorney will take the deposition upon oral examination of the defendant (Compania Maritima Hari Ltda. Panama, S. A.) (Simpson, Spence and Young, Agents) through an officer, agent or director, pursuant to the Federal Rules of Civil Procedure * * *".

Defendants contend that the notices are defective in

"(a) that they fail to name or identify properly the person or persons sought to be examined who have knowledge of the facts;

"(b) that the said notices have been served in bad faith in that the officers and managing agents of the defendants were not on the vessel at the time of the alleged occurrence to the plaintiff and do not have any knowledge of the facts and circumstances surrounding plaintiff's alleged accident so that the notices are unreasonable and seek to annoy, embarrass and oppress the defendants."

The affidavit in opposition to this motion to quash the notices states that

"[L]ast month defendants made a motion to dismiss. When said motion came up for argument the judge sitting in the motion part put said case over * * * so that plaintiff could submit more proof as to the methods and operations of the defendants in regard to their doing business in the State of New York. It is plaintiff's intention to examine defendants on these grounds * *".

Prior to the 1946 amendment of F.R. Civ.P. 26(a), 28 U.S.C.A., an examination for that purpose by plaintiff before answer to meet defendants' motion to dismiss for lack of jurisdiction, venue, etc., under F.R.Civ.P. 12(b)(1) to (5) was, by the greater weight of authority, held proper. 4 Moore's Fed.Prac., 2d Ed., par. 26.09, p. 1046; 9 Fed.Rules Serv.Comm. 26a.162. The amendment of 1946 in no way affects the desirability, under these circumstances, of permitting such an examination.

While the instant notices appear too vague to constitute compliance with F.R. Civ.P. 30(a), 4 Moore's Fed.Prac., 2d Ed., para. 30.03, [6] p. 2019, enough is disclosed by the motion papers to enable the court to grant plaintiff the limited relief to which he thereby appears to be entitled.

Motion to vacate the plaintiff's notices to take defendants' depositions is denied but the examinations thereunder will be of those employees of defendants who are advised as to the extent, if any, that defendants do business in New York and will be limited solely to that question.

Settle order.