MERVIN L. GARDNER, Appellant, v. ASSOCIATED
CONTRACTORS, Inc., E. K. FERGUSON, Jr.,
REED C. FERGUSON and GORDON A. FERGU-
SON, Individually and as Copartners Doing
Business Under the Name and Style of FERGU-
SON BROS., a Copartnership, Respondents.

No. 3897

January 4, 1956.                              291 P.2d 1051.

*Stewart & Horton,* of Reno, for Appellant.

*Pike & McLaughlin* and *Howard F. McKissick, Jr.,* of Reno, for Respondents Ferguson.

*Joseph P. Haller,* of Reno, for Respondent Associated Contractors, Inc.

## OPINION

By the Court, BADT, J.:

The only point of importance and seriousness involved in this appeal is whether the trial court erred in granting the motion of E. K. Ferguson, Jr., Reed C. Ferguson and Gordon A. Ferguson, individually, and as Ferguson Bros., a copartnership, all residents of California, to vacate and set aside a general appearance purportedly made in their behalf, without first considering plaintiff's motion for a default judgment against them in the sum of $54,237.87 for their failure to appear at the time and place set in Reno, Nevada, for the taking of their depositions under notice given to the attorneys appearing specially on the motion. More narrowly, on the motion of the nonresident defendants to set aside the purported

general appearance, assertedly made in the entire absence of authority, may the plaintiff, by notice to the attorneys appearing for them specially for the purposes of such motion, take their depositions, *as parties,* at Reno, Nevada, to inquire into the facts having to do with the authorization or lack of authorization for the general appearance?

Plaintiff sued on a California judgment against all of the Fergusons as above named and also joined Associated Contractors, Inc. upon an allegation that the Fergusons had incorporated such company and transferred to it the possession of and title to its major assets. Service of process was made within the jurisdiction on the corporation but not on the personal defendants, all of whom were residents of California. Thereafter Joseph P. Haller, a Nevada attorney, filed a motion for extension of time for appearance of all defendants and it is conceded that such motion constituted a general appearance. A few days thereafter the said personal defendants, through their present counsel, Pike & McLaughlin and Howard F. McKissick, Jr., filed a motion to set aside and vacate such appearance on the ground that it had not been authorized by the Fergusons or any of them, and the motion was supported by a number of affidavits which established prima facie that the appearance was without authority. A few days later plaintiff noticed the taking of the depositions of the three Fergusons in Reno, Nevada, under Rule 26 (a) for the purpose of eliciting further facts as to the authority or lack of authority of Mr. Haller to make the general appearance. Upon the failure of the Fergusons to appear at the time and place fixed, plaintiff noticed his motion for the entry of their default under Rule 37 (d). Such motion and the motion to vacate the general appearance came on for hearing before the district court at the same time. The court heard and granted the motion to vacate the general appearance and then made and filed its order denying the motion for entry of default judgment against the Fergusons.

Plaintiff insists that the real issue is: "May depositions properly be taken of a defendant who makes a special appearance?" We may agree with plaintiff's affirmative answer to this question, N.R.C.P., Rule 26 (d). Jiffy Lubricator Co. v. Alemite Co., D.C., 28 F. Supp. 385, without at all solving the problem before us. If, relying on his own affirmative answer to his own question, plaintiff had proceeded to take the depositions of the Fergusons under the provisions of Rule 28 (a) in California before an officer authorized to administer oaths in that state, or before a person appointed by the district court in Washoe County, Nevada, and procured the issuance from the clerk of the district court in Washoe County of a commission or letters rogatory in the form prescribed by the California jurisdiction, and upon notice, and the depositions were limited to the question of authority given by the Fergusons for a general appearance in their behalf, it is hardly likely that any question would have arisen for our determination.

Plaintiff, however, elected to proceed under the provisions of Rule 30 (a) by serving a notice upon the attorney who had filed the motion to set aside the general appearance, that he would take the testimony of these nonresident defendants whose present addresses were recited as being in Oakland, California, before a notary public in Reno, Washoe County, Nevada, on the theory that, irrespective of their status as parties to the action, they were in any event parties to the proceeding, that is, their motion to set aside the general appearance. (Although the notice of taking the depositions of the Fergusons was general to the end that the depositions would "be used as authorized by the Nevada Rules of Civil Procedure," we may accept appellant's statement that "the depositions were needed, of course, to investigate the question of Mr. Haller's authority.") When the Fergusons failed to appear in Reno at the time and place set in the notice, plaintiff then proceeded under Rule 37 (d) to serve and file his motion for the entry of the default of said persons. Plaintiff insists

that having failed to take advantage of the provisions of Rule 30 (b) to seek an order on motion that the deposition be not taken, or that it be taken at some designated place other than that stated in the notice, or be taken only on written interrogatories, or that its scope be limited, or such other order required by justice to protect "the party or witness" from annoyance, embarrassment or oppression, etc., the Fergusons, by their failure to appear, deliberately invited the penalties of Rule 37 (d).

We find ourselves unable to agree with plaintiff's reasoning. Under it plaintiff might name as defendants to an action nonresidents of the State of Nevada and, on the occasion of an unauthorized appearance on their behalf or some kind of unauthorized service upon them, put them to the necessity of making a showing that would relieve them from their apparent status as defendants subject to the jurisdiction of the court. That, as suggested by plaintiff, they might sit idly by, and thereafter, whether by direct action or by collateral attack, show that they were not bound by any order or judgment made in the proceeding, by reason of the court's lack of jurisdiction, is not persuasive. There is nothing unreasonable in their refusal to assume such a status. Their natural alternative is to set it aside. That they could do this by special appearance and without submitting to general jurisdiction is well recognized. That, in doing this, they are subjecting themselves as parties to the necessity of coming from a foreign jurisdiction into this jurisdiction to be examined as to whether or not they can in any event be sued in this jurisdiction cannot have been contemplated by the provisions of N.R.C.P. Indeed, quite the contrary would appear to be contemplated by the penalty imposed by Rule 37 (d), the entry of a default judgment for failure to appear for deposition, which is in itself an incident of the court's general jurisdiction of the parties.

In Petroleum Financial Corp. v. Stone, D.C., 111

F.Supp. 351, 353, there were before the court motions to vacate the service of summons (on the ground that the federal district court and the courts of the state were without jurisdiction over the defendants, as they were. citizens of a foreign state not engaged in business in New York) and. to vacate plaintiff's notice of taking depositions in New York. The court, in ruling on these motions, said:

"Plaintiff now seeks by the taking of depositions in New York to obtain further information to support its contention that H. C. Cockburn and the Cockburn Oil Corporation have been doing business in New York but it is unwilling to pay the costs for the deponents to come here from Texas. Even if the costs were to be borne by the plaintiff, it would appear that in seeking the depositions for this purpose, plaintiff is attempting to pull itself up by its own bootstraps. Absent the prior finding that the Cockburn Oil Corporation and H. C. Cockburn were doing business in this state, through Lee B. Stone, upon whom personal process is served, this Court would be exceedingly reluctant to exercise its discretion under Federal Rule 30 (b) to compel parties to come to New York from Texas to determine whether this court in fact has jurisdiction over them. The plaintiff is, of course, at liberty to take such depositions in Texas * * *. The motion of defendants to vacate the services of summonses will be granted unless plaintiff, within 30 days after the entry of the order hereon, submits to the court additional facts supplying the elements of 'doing business' not now before me, if such facts be obtained."

It will be noted that there, as here, the purpose sought by the depositions was to elicit facts involved in the question of jurisdiction, that is, whether the defendants were doing business in New York. If they were, they were subject to the jurisdiction. So here, if the general appearance was authorized the Fergusons had voluntarily subjected themselves to the jurisdiction. But to compel them to come into the jurisdiction for the purpose of ascertaining whether the jurisdiction existed

was characterized as an attempt by plaintiff "to pull itself up by its own bootstraps."

We are entirely in accord with the reasoning of that case, and accordingly find no error in the rulings made by the district court.

The order and judgment appealed from are affirmed with costs.

MERRILL, C. J., and EATHER, J., concur.