**Harvey G. GREENE, Plaintiff,**

v.

**Charles OSTER, Defendant.**

United States District Court
S. D. New York.
March 4, 1957.

Schuberth & Harman, Brooklyn, N. Y., for plaintiff.

Hays, Podell, Algase, Crum & Feuer, New York City, for respondent.

BICKS, District Judge.

The defendant has moved to dismiss the action pursuant to Fed.Rules Civ. Proc. rule 12(b) (3), 28 U.S.C.A. (improper venue) and to vacate plaintiff's notice of the taking of defendant's deposition on the ground that the notice was not served within a reasonable time in advance of the date proposed for the taking of the deposition.

The two motions were heard together. Upon the argument, plaintiff's counsel stated that it was his purpose to limit the examination to matters bearing upon the venue issue raised by defendant's motion to dismiss. The Court indicated that the taking of the deposition having been set for the day following the service of the notice, the period of notice under the circumstances of this case, was obviously not reasonable. A suggestion was then made to counsel that perhaps he could complete the investigation necessary to prepare adequate answering affidavits if he had an additional 10 days for that purpose. There was general acquiescence in this suggestion.

■■ Asserting that without an examination of the defendant he cannot carry the burden of establishing defendant's domicile plaintiff has served another notice to take the defendant's deposition. Defendant has moved to set aside the second notice on the ground that the vacatur of the first notice constitutes the law of the case. In this defendant is mistaken. The sole infirmity ascribed to the first notice was the unreasonableness of the period between the date of the service thereof and the date fixed therein for the taking of the deposition. The Court sustained that contention. The propriety of pre-trial discovery on the issues of fact raised by the motion to dismiss was not raised and not passed upon.

The complaint alleges that plaintiff is a citizen of Canada and that the

defendant is a citizen of New York. On the motion to dismiss the defendant asserts, "I am not a citizen or resident of the State of New York, having maintained—and still continuing to maintain—my citizenship, domicile and residence in the town of Dayton, Nevada, for about the last twenty-eight (28) years." A variety of circumstances are alleged—preponderately declarations in connection with credit cards and bills from hotels throughout the United States and Canada—all significant on the issue involved, from which an inference may be drawn that venue is improperly laid in the Southern District of New York. The answering affidavits point to contrary declarations by the plaintiff and to other circumstances which cast sufficient doubt to create a controverted issue of fact.[1] The determinative facts here are peculiarly in the knowledge of the defendant. Adjudication of the issue of defendant's suability in this District upon defendant's affidavits without affording the plaintiff a full opportunity to examine him lacks the essentials of an adversary proceeding and would be subject to the same criticism leveled at summary judgments under Rule 56 where triable issues of fact are resolved on affidavits. See Colby v. Klune, 2 Cir., 1949, 178 F.2d 872. "This is especially true when the plaintiff must rely for his case on what he can draw out of the defendant." Bozant v. Bank of New York, 2 Cir., 1946, 156 F.2d 787, 790. To paraphrase from Arnstein v. Porter, 2 Cir., 1946, 154 F.2d 464, 471, it will not do, in this case, to say that since the plaintiff in his affidavits has offered less proof or even less convincing proof than has the defendant, the latter must prevail.

The propriety of allowing discovery upon a motion to dismiss on any of the grounds specified in (1) to (5) in Rule 12(b) is well established. 4 Moore's Federal Practice para. 26.09, pp. 1046–1047; Cf., Urquhart v. American-La France Foamite Corp., 1944, 79 U.S. App.D.C. 219, 144 F.2d 542, certiorari denied, 1944, 323 U.S. 783, 65 S.Ct. 273, 89 L.Ed. 625; Silk v. Sieling, D. C.E.D.Pa.1947, 7 F.R.D. 576, 577; Abrams v. Bendix Home Appliances, D.C.S.D.N.Y.1950, 92 F.Supp. 633; Seaboard Machinery Corp. v. Seaboard Machinery Corp., D.C.S.D.N.Y.1953, 15 F.R.D. 40; Chero v. Compania Maritima Hari Ltds. Panama S.A., D.C.S. D.N.Y.1953, 15 F.R.D. 110; Blair Holdings Corp. v. Rubinstein, D.C.S.D.N.Y. 1954, 122 F.Supp. 602.

The defendant may not be heard that his testimony should be withheld on the very issue he himself has raised, particularly when it relates to his own acts, conduct, intentions and state of mind.

Accordingly defendant's motion to vacate the notice of taking his deposition is denied. The motion to dismiss for improper venue is denied without prejudice to renew after completion of plaintiff's pre-trial discovery proceedings. Plaintiff should proceed reasonably diligently therewith—failing to do so defendant may renew his motion to dismiss prior to the conclusion thereof.

[1]. In view of the disposition of the motions, comment upon the proof and lack of proof offered by the affidavits is withheld, for absent the defendant's deposition the probative value of his assertions cannot be duly appraised.