RENE BOAS AND ASSOCIATES, Appellant, *v.* GEORGES VERNIER, Respondent.

First Department, March 23, 1965.

*Eli Ellis* of counsel (*Lucien R. Le Lievre* and *Richard I. Chira* with him on the brief; *Hill, Betts, Yamaoka, Freehill & Longcope,* attorneys), for appellant.

*Marc J. Loost* of counsel (*J. Frederic Taylor* and *Philip K. Hills, Jr.,* with him on the brief; *Burke & Burke,* attorneys), for respondent.

*Per Curiam.* Plaintiff, Rene Boas and Associates, appeals from an order and judgment granting defendant's motion under CPLR 3211 (subd. [a], par. 8) to dismiss the complaint on the ground that the court has no jurisdiction over the person of defendant. The action was brought to recover commissions earned by a business broker and industrial consultant under a written agreement or under a subsequent oral agreement.

The issue is whether the alleged causes of action arose from any act of defendant in the transaction of business within the

State, thereby conferring personal jurisdiction under CPLR 302 (subd. [a], par. 1). It is concluded that they did not.

The complaint seeks the agreed commissions earned by plaintiff as broker and consultant in introducing defendant to certain French underwriters and rendering other services leading to the merger of a French corporation of which defendant was principal stockholder and chief executive officer into a new French corporation. In the absence of any showing that the oral agreement with defendant was negotiated or concluded by defendant in New York, or that defendant did any other act with respect to the oral agreement in New York, it cannot be said that the causes of action arose from an act of defendant in the transaction of business within the State (CPLR 302, subd. [a], par. 1). The fact that a prior written agreement was historically necessary to the inception of the subsequent oral agreement does not alone, for purposes of the jurisdiction statute, support personal jurisdiction.

The written agreement, negotiated and executed in New York by defendant as general manager of the French corporation, required defendant to pay plaintiff an agreed percentage of amounts received in the transfer of a minority interest in the company to a person or business having a base, branch or affiliate in the United States. This writing specified that defendant would not enter into a different type of arrangement with such a person or business without first reaching an agreement with plaintiff as to plaintiff's compensation. Since plaintiff seeks compensation for bringing about an arrangement between defendant and two French individuals rather than a person or business having a base, branch, or affiliate in the United States, the written contract is inapplicable to plaintiff's claims, and its negotiation and execution by defendant in New York provide no basis for personal jurisdiction.

The writing, moreover, was executed by defendant solely in his capacity as general manager of the corporation, and not in his individual capacity. Under the rule of *Salzman Sign Co.* v. *Beck* (10 N Y 2d 63) a person who signs solely as a corporate officer is not personally obligated on the contract, even though the text of the writing states that the officer is to be liable personally. This rule was recently reaffirmed in a case involving one corporation signing solely as agent for another corporation (*Savoy Record Co.* v. *Cardinal Export Corp.*, 15 N Y 2d 1). Although both of these cited authorities involved claims against the agent as guarantor of the principal's obligation, the opinions do not limit the application of the rule to this class of cases, or to cases involving, generally, the Statute of Frauds.

Under the CPLR, the fact that defendant may have raised, in his reply affidavit, an issue relating to the merits is not a waiver of the defense of lack of personal jurisdiction. Indeed, the CPLR contemplates that the same motion under CPLR 3211 (subd. [a]) may be based on all of the grounds therein set forth (CPLR 3211, subd. [e]).

Accordingly, the order and judgment, granting defendant's motion under CPLR 3211 (subd. [a], par. 8) to dismiss this action on the ground that the court has no jurisdiction over the person of defendant should be affirmed, with costs and disbursements to defendant-respondent.

BREITEL, J. P., VALENTE, STEVENS, EAGER and STEUER, JJ., concur.

Order and judgment granting defendant's motion under CPLR 3211 (subd. [a], par. 8) to dismiss this action on the ground that the court has no jurisdiction over the person of defendant unanimously affirmed, with $50 costs to the respondent.