**Rudolph V. ALOSIO, Plaintiff,**

v.

**IRANIAN SHIPPING LINES, S.A., et al., Defendants.**

**ATLANTIC STEAMERS SUPPLY CO., Inc. of Pennsylvania, Atlantic Steamers Supply Co., Inc., Maritime Food Corporation, Lee & Palmer, Inc. and Marine Maintenance Company, Intervening Plaintiffs,**

v.

**IRANIAN SHIPPING LINES, S.A., et al., Second Defendants.**

**No. 67 Civ. 9.**

United States District Court
S. D. New York.
Jan. 9, 1970.

**1118**

Philip Gelfand, New York City, for plaintiff Alosio.

Nicholas J. P. Tryforos, New York City, for defendant Iranian Shipping Lines.

Kirlin, Campbell & Keating, New York City, for second intervening plaintiff Bay Ridge Operating Co.

John M. Friedman, New York City, for defendant Midland Bank & Trust Co.

Booth, Lipton & Lipton, New York City, for second defendants.

Healy & Baillie, New York City, for first intervening plaintiff.

## MEMORANDUM

FRANKEL, District Judge.

The moving defendants, claiming they do not fit within CPLR § 302(a) (1), (2) or (3), seek dismissal of the complaint under Fed.R.Civ.P. 12(b) (2). However, the affidavits—considering both the things said in those for the plaintiffs and the things omitted in those for defendants—make out a convincing case for *in personam* jurisdiction on alternative or cumulative theories.

Defendants maintain that they are not amenable to the jurisdiction of the court because they did nothing "in their own behalf" within the State, but that all their activities here were "solely on behalf of ISL corporation." However debatable it may be in light of the reasons underlying the "minimum contacts" theory, see International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), to differentiate between a corporate act and an individual act, this remains a distinction of legal significance. See, e. g., Schenin v. Micro Copper Corp., 272 F.Supp. 523 (S.D.N.Y.1967); Unicon Management Corp. v. Koppers Co., 250 F.Supp. 850 (S.D.N.Y.1966); Rene Boas & Assoc. v. Vernier, 22 A.D.2d 561, 257 N.Y.S.2d 487 (1st Dep't. 1965).

Accepting the distinction, plaintiffs contend, both upon the merits and for jurisdictional purposes, that (1) no viable corporation ever existed; (2) defendants, insofar as the corporation had any meaningful existence, acted to defraud that entity as well as its creditors; and (3) in either case all the disputed conduct of defendants, both through their physical presence in the State and intended effects there, was for their own enrichment at the expense of corporate creditors. A final determination of the factual disputes central to the assertion of jurisdiction will be largely or entirely dispositive of questions of liability as well. Cf. Land v. Dollar, 330

U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947); United States v. Montreal Trust Co., 358 F.2d 239 (2d Cir.), cert. denied, 384 U.S. 919, 86 S.Ct. 1366, 16 L.Ed.2d 440 (1966); Unicon Management Corp. v. Koppers Co., *supra*.

At this stage, however, where it is enough for plaintiffs to show "threshold jurisdiction" sufficient to demonstrate the fairness of allowing them to continue the suit here, United State v. Montreal Trust Co., *supra*, 358 F.2d at 242–243, the affidavits amply accomplish the demonstration in their favor. This conclusion could not be reached, or course, if the problem were one of "weighing" affidavits on the two sides containing square contradictions of each other. It can be and is reached because the sworn allegations in plaintiffs' affidavits of concrete, specific and plainly material facts are in significant respects simply ignored by the ostensibly responsive affidavits. In motion papers that reflect intensive, detailed, expert lawyering on both sides, striking omissions of this sort cannot be overlooked or denied their patent importance.

■ Appraising the respective submissions in this light, the court finds it amply established for present purposes that the movants did in fact and in legal effect "transact" business in New York for their private and personal benefit (with the corporation constituting at most a facade), justifying the claim of jurisdiction under CPLR § 302(a) (1).

■ There is even stronger basis for the "tort" jurisdiction under subdivisions (2) and (3) of § 302(a). To be sure, the charges of fraud and conspiracy in the verified complaint and affidavits opposing the present motion may not prevail ultimately. But the showing on the papers is a powerful one—sufficient, as has been noted, in light of the sworn assertions which as of now stand largely unanswered. Without trailing now

through a summary of all the details, there is an unrefuted showing that:

(1)  The movants used an unfinanced or inadequately financed corporate husk to defraud those they dealt with.

(2)  They opened illegal bank accounts and used them to siphon money out of the corporation to pay personal obligations.

(3)  They diverted corporate revenues to themselves.

(4)  They drove ISL into insolvency as a means of waging personal financial warfare.

These sundry wrongs were committed mainly by the activities of the movants present physically in New York in association with assorted New Yorkers or, where performed elsewhere, were done with knowledge that hurtful consequences, including injuries to plaintiff creditors, would result in New York.

In reaching the foregoing conclusions of fact, I have been influenced by the fact that plaintiffs, whose knowledge at the moment is obviously limited, have produced a powerful array of detailed information. Defendants, on the other hand, having first-hand knowledge, are notably silent and evasive. For example, relying upon supposed deficiencies in plaintiffs' "proof," defendants announced that the failure to pay in the capital of ISL had not been demonstrated. Despite their obvious knowledge of the fact, however, they chose never to assert, until long after argument of their motion, that plaintiffs' charge was false.[1] Similarly, the defendant Karafotias, in a reply affidavit exhibiting some odd physical characteristics, grapples with some trivia in the impressively damaging affidavit of Nick C. Spanos, while ignoring the more important and particularized charges Spanos levels under oath.

---

1. Responding to the court's request for amplification, the defendants assert simply that "the stated capital of ISL was paid in." There is no suggestion as to when this was done and no square answer to the particularized showing by plaintiffs that the corporation was caused to incur huge debts, and suffer impairments leaving it in a steady condition of inadequate financing.

The short of the matter is that plaintiffs have adequately established, at least for now, their jurisdictional position under subsections (2) and (3) of CPLR § 302(a). In holding this to be so "for now," the court rules that:

(1) there is sound basis at this stage for allowing the suit to proceed, at least for discovery, which will in the nature of the case cover facts that affect simultaneously both the jurisdictional problems and the merits.[2] See, e. g., Greene v. Oster, 20 F.R.D. 198 (S.D.N.Y.1957); Park & Tilford Distillers Corp. v. Distillers Co., 19 F.R.D. 169 (S.D.N.Y.1956); Abrams v. Bendix Home Appliances, 92 F.Supp. 633 (S.D.N.Y. 1950); cf. Urquhart v. American-La France Foamite Corp., 79 U.S.App.D.C. 219, 144 F.2d 542, cert. denied, 323 U.S. 783, 65 S. Ct. 273, 89 L.Ed. 625 (1944);

(2) it will remain open for the movants, after discovery, to move for summary judgment on either or both aspects.

[3] It is central to the shape of this determination that it is inappropriate at this juncture to order a trial on the jurisdictional problem under Rule 12(d). Plaintiffs are entitled to pursue discovery of facts known peculiarly to the defendants. Cf. Arnstein v. Porter, 154 F.2d 464 (2d Cir. 1946); Bozant v. Bank of New York, 156 F.2d 787 (2d Cir. 1946); Greene v. Oster, *supra*. And the possible hardship to defendants, considering the extent to which they have physically transacted business in New York in the recent past, is not a

compelling force toward a different result.

The motion to dismiss will be denied.[3] The cross-motion for discovery will be granted. Settle order on notice.

---

2. In an effort to minimize possible ambiguities, the court elaborates by saying that the discovery contemplated by this decision is not limited to questions of "jurisdiction" in so far as these may be isolable from the merits. It has appeared on preliminary study that the two areas overlap almost completely. It may be, however, that they are not absolutely coterminous. Nevertheless, it is not intended that the parties should be lured into fruitless disputation about the extent

of the possible separability. Until or unless the interest of fairness may seem to compel some other disposition, the purport of the ruling at this time is to allow discovery without limitation based upon characterization of any particular question as either jurisdictional or relating to the merits.

3. The claim by two of the individual movants that they were never served has been withdrawn.