(May 15, 2003)

■ ERIC HERMAN, Respondent, v NESS APPAREL CO., INC., et al., Appellants, et al., Defendant. [760 NYS2d 142] —Order, Supreme Court, New York County (Paula Omansky, J.), entered on or about February 13, 2002, which, insofar as appealed from, granted plaintiff's cross motion for summary judgment on his claims against the corporate defendant for breach of a one-year employment contract and against the individual defendant, a principal of the corporate defendant, for breach of a guarantee of that contract, unanimously reversed, on the law, without costs, and plaintiff's cross motion for summary judgment on the contract and the guarantee denied.

Plaintiff sued his former employer and its president for the breach of an oral one-year employment contract, seeking outstanding salary due him and certain expenses. Defendants deny an agreement was ever reached and contend that plaintiff was an at-will employee. Defendants also contend that Yona Edelkopf, the corporate defendant's president, never intended to be personally liable or guarantee plaintiff's salary.

At plaintiff's deposition, he conceded that the drafts of a written employment/shareholder agreement were never finalized and signed and that the parties never signed any agreement. He stated, however, that he began working for defendants pursuant to a one-year oral employment agreement to develop a toy product line.

After beginning work for defendants, plaintiff located an apartment close to their business and was advised by his landlord that he would need an employment verification letter. Plaintiff testified he and defendant Yona Edelkopf discussed such a letter and Edelkopf directed him to prepare such a letter. After drafting the letter, Edelkopf signed the "To Whom It May Concern" letter.

Yona Edelkopf testified that he was president of Ness Apparel and that he and his brother, codefendant Max Edelkopf, met with plaintiff regarding Ness's financing of a toy product plaintiff wanted to develop. Although proposed written agreements were prepared, they were not executed. The only oral agreement he remembered was one wherein plaintiff would

"proceed with a trial period" commencing in March or April of 1998. As for the April 1, 1998 letter, Yona stated that it was intended for plaintiff's landlord and that he signed it on behalf of Ness after quickly glancing at it. Had he realized the letter provided for a personal guarantee, he would not have signed it. Plaintiff was terminated in mid to late May of 1998, after Ness decided not to get involved in the toy business.

In opposition and reply, Yona Edelkopf submitted an affidavit in which he reiterated that he signed the April 1, 1998 letter on behalf of Ness, and not in his individual capacity. He further noted that the letter was only intended to be used to enable plaintiff to obtain a lease for an apartment. In addition, Yona attested that Ness refused to enter into any employment agreement with plaintiff because it had doubts about the business plan, and so they agreed to hire plaintiff on a trial basis as an employee at will. He specifically declined to sign a guarantee.

The context and contents of the April 1, 1998 "To Whom It May Concern" letter raise issues of fact as to the existence of an oral contract for one year. The parties never executed any of the drafts of a formal written contract. Plaintiff requested the letter as an accommodation to enable him to obtain an apartment. Defendant Yona Edelkopf testified that he merely glanced at the letter that plaintiff drafted on Ness stationery and that it was intended merely for plaintiff's landlord. The letter itself seems unusual in that it includes things that a landlord would have no business knowing such as that plaintiff had a 25% interest in the new toy venture and had been "designated" two of five seats on the "company's board of directors."

Not only are there questions of fact regarding the alleged one-year oral agreement precluding summary judgment, but summary judgment should not have been granted as against the individual defendant, there being an issue of fact as to whether he intended to sign the "To Whom It May Concern" letter in his individual as well as corporate capacity. A person who signs a writing solely as a corporate officer is not personally obligated on any contract evidenced by the writing even though the text of the writing states that the officer is to be personally obligated (see Boas & Assoc. v Vernier, 22 AD2d 561, 563 [1965], citing Salzman Sign Co. v Beck, 10 NY2d 63 [1961], and Savoy Record Co. v Cardinal Export Corp., 15 NY2d 1 [1964]). Concur—Buckley, P.J., Nardelli, Andrias, Friedman and Gonzalez, JJ.