SAVAGE v. ISTHMIAN S. S. CO. et al.

No. 3059.

District Court, E. D. Pennsylvania.

Sept. 19, 1946.

Freedman, Landy and Lorry, of Philadelphia, Pa. (Samuel Mandel, of Philadelphia, Pa., on the brief), for plaintiff.

Krusen, Evans and Shaw, of Philadelphia, Pa. (Thomas E. Byrne, Jr., of Philadelphia, Pa., on the brief), for defendants.

BARD, District Judge.

This case arises on plaintiff's motion to compel the taking of testimony by interrogatories and cross-interrogatories in lieu of oral deposition.

Plaintiff, a seaman, commenced the present action for personal injuries against the Isthmian Steamship Company, the Matson Navigation Company, and the Isthmian Matson Line. The Isthmian Steamship Company has filed its answer, but the other two named defendants have not. Defendant Matson Navigation Company then moved to vacate the service of summons and complaint upon itself and the other two defendants, asserting lack of jurisdiction as to itself and other grounds with respect to the other two defendants, and on May 20, 1946 served notice upon plaintiff that it intended to take the deposition of one Hugh Gallagher in San Francisco, California, on May 27, 1946. This deposition was to be used in support of defendant Matson's motion to vacate. On May 21, 1946 plaintiff filed the present motion under Rule 30(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following Section 723c, asking that defendant Matson be compelled to proceed with the taking of Gallagher's deposition, if at all, by written interrogatories rather than oral testimony; or, in the alternative, that defendant Matson be required to pay plaintiff's expenses in obtaining counsel in San Francisco to attend the taking of the oral deposition. Argument on plaintiff's motion was not

heard until after the deposition of Gallagher had actually been taken by oral testimony, without plaintiff's being represented.

■ Although plaintiff has not raised the point, I am constrained to note that the taking of Gallagher's deposition in any manner by defendant Matson was wholly unauthorized. Rule 26(a) of the Federal Rules of Civil Procedure, supra, provides that if a party desires to take a deposition prior to answering, it must first obtain leave of court. Matson has not filed an answer to the complaint, and it did not obtain leave of court before proceeding with the taking of the deposition.

■ Matson contends that inasmuch as it has filed a motion to vacate the service of summons and complaint on the ground that it is neither present nor doing business within this district, therefore jurisdiction has not been obtained over it; and since Rule 26(a) governs the taking of depositions "after jurisdiction has been obtained", Matson is not subject to the provisions of that Rule in this matter. I cannot agree with that contention. This court certainly has jurisdiction for the purpose of determining Matson's motion to vacate the service of summons and complaint. That being so, I think it follows that any deposition contemplated to be taken in support of that motion must be taken in accordance with Rule 26(a). Several cases have held that, when the question of the court's jurisdiction has been raised upon preliminary motion, the taking of depositions on the disputed issues of fact is a proper procedure. Jiffy Lubricator Co. v. Alemite Co., et al., D.C., 4 F.R.D. 273; Urquhart et al., v. American LaFrance Foamite Corporation, 79 U.S.App.D.C. 219, 144 F.2d 542, certiorari denied 323 U.S. 783, 65 S. Ct. 273, 89 L.Ed. 625; Watters v. Ralston Coal Co., D.C., 25 F.Supp. 387; Application of Wisconsin Alumni Research Foundation, D.C., 4 F.R.D. 263[1]. These cases further hold, either expressly or by implication, that leave of court is necessary before proceeding with the taking of the deposition.

Although plaintiff has made no issue of the fact that defendant Matson failed to secure leave of court before taking Gallagher's deposition, I am unwilling to sanction defendant's abortive circumvention of the Rules in that respect, or to create any precedent whereby the court may be deprived of the exercise of discretion vested in it by Rule 26(a). I will therefore order that the deposition of Gallagher be suppressed. In view of the fact that the taking of the deposition is for the ultimate purpose of assisting the court in determining the jurisdictional question, such suppression is without prejudice to defendant Matson to apply within ten days for leave to take the deposition of Gallagher or of any other competent witness on the jurisdictional question, and it will be further ordered that argument on defendant Matson's motion to vacate be postponed pending the determination of such application.

■ There still remains the problem of disposition of plaintiff's motion which brought to the court's attention, incidentally and perhaps inadvertently, the basic infirmity of Gallagher's deposition, which I have just discussed. Plaintiff's motion, reduced to simplest terms, seeks to attach conditions to the taking of a deposition which, as I have concluded, was unauthorized from the very beginning. Therefore, without expressing any opinion as to the merits of plaintiff's contentions, his motion must be denied, without prejudice to present these same contentions at the proper time.

---

[1] The case of Fox v. House, D.C., 29 F. Supp. 673, was cited in the Urquhart case, supra, as contra. However, in Fox v. House, the scope of the deposition contemplated went beyond the jurisdictional issue.