**SILK v. SIELING et al.**

**Civ. No. 6129.**

District Court, E. D. Pennsylvania.

Sept. 22, 1947.

Freedman, Landy & Lorry, of Philadelphia, Pa., for plaintiff.

Krusen, Evans & Shaw, of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

This is an action brought by a seaman against the general agents of a government-owned ship to recover damages for personal injuries. The summons and complaint were served upon an alleged agent of the defendants in this District. The defendants then entered a special appearance for the sole purpose of filing a motion to vacate and set aside service of process on the ground that they did not maintain any place of business in this jurisdiction and had no agent here upon whom process could be served. The plaintiff filed an answer denying these allegations.

Thereafter the plaintiff filed a number of interrogatories under Rule 33, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, directed and limited to the issues raised by the defendants' motion to vacate and set aside. The defendants filed objections to these interrogatories on the ground that they are not adverse parties within the meaning of Rule 33.

The plaintiff then filed a motion for leave to take the deposition of the defendants by written interrogatories under Rule 26. This motion was opposed on the ground that no depositions can be taken under Rule 26 until jurisdiction has been obtained over the defendants.

The question presented by the plaintiff's motion is the interpretation of the phrase in Rule 26(a), "after jurisdiction has been obtained over any defendant."

There can be no doubt that this Court has the judicial power to hear and determine questions involving its jurisdiction either of the person or of the subject matter nor that, in order to resolve fact issues on which jurisdiction depends, the ordinary process of the court is available to cause evidence bearing on the fact in issue to be produced. For this limited purpose the Court has obtained jurisdiction, albeit a special, limited or preliminary jurisdiction, over the defendants when, appearing specially, they challenge the validity of the service.

I see no reason why the word "jurisdiction" in Rule 26(a) must be construed to mean complete jurisdiction. To do so would permit the defendants in this case to withhold their own testimony upon the very issue which they themselves have raised and thus deny the Court the evidence of the persons who know more about it than any one else.

The defendants' argument that the purpose of the phrase "after jurisdiction has been obtained" in Rule 26 was to prevent circumvention of Rule 33 by which answers to interrogatories may be required only from "an adverse party" depends upon the construction given Rule 33 in a number of cases to the effect that a defendant who challenges the jurisdiction of the Court over his person is not an adverse party. With all deference to the decision cited by the defendants, I cannot agree, but prefer to follow what clearly appears to be the intendment of Judge Bard's opinion in Savage v. Isthmian S. S. Co., 6 F.R.D. 311, 1946 A.M.C. 1330. Where a person who has been sued comes into court to deny the right of the plaintiff to proceed with the case, he would seem to me to be an adverse party, by any reasonably liberal interpretation of that term in its setting in the Rule.

The plaintiff's motion to proceed under Rule 26(a) is granted.