340 So.2d 481 (1976)
T.C. (Ted) WARD, Appellant,
v.
Charles L. GIBSON, Appellee.
No. 76-160.
District Court of Appeal of Florida, Third District.
June 2, 1976.
Rehearing Denied July 29, 1976.
*482 Hal H. McCaghren, West Palm Beach, for appellant.
Shutts & Bowen and Richard M. Leslie, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
PEARSON, Judge.
The question raised on this interlocutory appeal is whether the defendant is bound to appear for deposition when service is made upon an attorney who has previously appeared in the trial court on his behalf for the purpose of testing the court's jurisdiction over his person and who, thereafter, has appealed an order of that court denying his motion to dismiss. We hold that under such circumstances, the defendant is not required to appear for deposition.
This appeal is from an order denying defendant's motion to quash service of a notice of taking deposition. The appeal is permitted pursuant to FAR 4.2 as one relating to jurisdiction over the person. The circumstances arose when defendant's attorney appeared in the cause and filed a motion to dismiss for lack of jurisdiction over the person of the defendant, pursuant to RCP 1.140. Thereafter, the plaintiff served upon this attorney a notice of taking defendant's deposition. The trial court denied defendant's motion to dismiss and the motion to quash service of notice of taking deposition. The defendant has appealed from both orders, with this particular appeal arising from the latter order.
The Florida Rules of Civil Procedure eliminate the former distinction between a general and a special appearance by providing that "[n]o defense or objection is waived by being joined with other defenses or objections in a responsive pleading or motion." See RCP 1.140. A defendant who moves to dismiss upon the ground that the court has not acquired jurisdiction over his person may maintain that position and proceed without waiving his defense either by interlocutory appeal or by pursuing the merits of the cause. In the present instance, the defendant chose to proceed by way of interlocutory appeal to test the propriety of the order which found that the trial court had jurisdiction over his person. We hold that inasmuch as the subject matter of such an interlocutory appeal is the very question of the trial court's right to proceed with an exercise of jurisdiction over the defendant, the trial court has a right to proceed with the cause but not to destroy the subject matter of the appeal. See the rule in Mandrachia v. Ravenswood Marine, Inc., Fla.App. 1960, 118 So.2d 817, 821; and Strauser v. Strauser, Fla.App. 1974, 303 So.2d 663. The service upon the attorney of record of a notice to take the deposition of the defendant presupposes that the court has acquired jurisdiction of the defendant.
We recognize that a person not a party to this cause may be required to attend the taking of his deposition, but in such instances a separate service upon the witness is required. See RCP 1.310(a). If the defendant here is considered a witness, then he cannot be required to attend the taking of a deposition until service of a subpoena requiring his attendance at the deposition is effectuated. If the defendant *483 is considered a party to the cause for the purpose of taking his deposition, then the question on the appeal testing the jurisdiction over his person is decided a second time adversely to the defendant. Inasmuch as the jurisdiction of the trial court over the defendant is the subject matter of an interlocutory appeal, the trial court may not proceed in the cause as to such subject-matter until the appeal is heard and determined. Thursby v. Stewart, 103 Fla. 990, 138 So. 742, 751 (1931).
We, therefore, hold that the court erred in denying defendant's motion to quash service upon his attorney of the notice of taking deposition prior to a determination of the interlocutory appeal challenging the jurisdiction of the trial court to proceed against the defendant in the cause.
Reversed.