**Manuel BLANCO, Plaintiff–Appellant,**

v.

**CARIGULF LINES, a division of Carigulf Ltd., a corporation; John Doe I, etc., and the M/V CARIGULF EXPRESS, Defendants–Appellees.**

No. 80–7427

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Unit B

Dec. 12, 1980.

Diamond, Lattof, Gardner, Pate & Peters, Mitchell G. Lattof, Jr., Mobile, Ala., for plaintiff–appellant.

Joe E. Basenberg, Joseph M. Allen, Jr., Mobile, Ala., for defendants–appellees.

Before HILL, FAY and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff, a Honduran seaman, brought suit against a Panamanian flag vessel and corporate and individual defendants, with unknown citizenship, for injuries received aboard the vessel in the waters off Belize, British Honduras. The district court dismissed for lack of jurisdiction. Based upon procedural error, we reverse.

The question presented is whether the district court's dismissal for lack of jurisdiction is proper when the court relied exclusively upon defendants' affidavits, although defendants' answers to interrogatories directed at requisite jurisdictional factors were outstanding and overdue.

This action was brought on September 26, 1979, in the United States District Court for the Southern District of Alabama, under the Jones Act, 46 U.S.C. § 688, and general maritime law. Plaintiff, a Honduran seaman, was injured off the waters of Belize while employed aboard the M/V Carigulf Express owned by defendant Carigulf Lines. Plaintiff's assertion of American jurisdiction is based upon the fact that Carigulf lists on its letterhead and stationary the USA address: 1002 Commerce Building, P. O. Box 50, Mobile, Alabama, 36601, and lists in Lloyds List of Shipowners 1978–79 the address: 1002 Commerce Building, P. O. Box 760, Belize, 36601, Belize.

The record indicates that defendants twice requested and were granted thirty day extensions before finally responding to plaintiff's complaint on January 28, 1980 with an alternate motion to decline jurisdiction and/or dismiss the complaint. On February 15, 1980, plaintiff propounded interrogatories and filed an Opposition to Defendants' Alternative Motion accompanied by a brief of law, informing the court that interrogatories number 39 to number 61 were directed to elicit material jurisdictional factors to support its assertion of American jurisdiction, and arguing that defendants' motion was premature.

The record indicates that on March 26, 1980 the case went to pretrial conference and was put aside pending resolution of jurisdictional matters. A transcript of the pretrial conference is not included in the record but the fact that jurisdiction was discussed is alluded to in both briefs. Absent a transcript of the pretrial conference we do not know the nature of that discussion. We do know that defendants' answers to plaintiff's interrogatories were overdue and that no objections to the interrogatories had been filed by defendants.

On April 24, 1980 the district court issued an order dismissing the complaint without prejudice, based solely upon defendants' affidavits. Plaintiff is appealing the court's order of April 24, 1980 and the court's subsequent refusal on May 7, 1980 to grant both a motion for reconsideration and a motion to compel answers to the interrogatories.

Rule 33, Federal Rules of Civil Procedure, provides that any party may serve upon any other party interrogatories to be answered by the party served, and further states that "each interrogatory shall be answered separately and fully in writing under oath, unless objected to in which event the reasons for objection shall be stated in lieu of an answer. In this case, defendant did not comply with the Rule, in that the interrogatories were not answered within thirty days, nor were any objections filed with the court.

This court has held that where the record left in doubt questions upon which jurisdiction could be based plaintiff was not required to depend exclusively upon defendant's affidavit for answers to that question but had the right to employ interrogatories to develop fully the necessary facts. *Davis v. Asano Bussan Co.*, 212 F.2d 558 (5th Cir. 1954).

The Supreme Court has defined at least seven factors to be considered before determination of jurisdiction over a particular shipowner under a Jones Act or general maritime law claim. Those factors are (1) the place of the wrongful act, (2) the law of the flag, (3) the allegiance or domicile of the injured seaman, (4) the allegiance of the defendant shipowner, (5) the place where the contract of employment was made, (6) the inaccessibility of a foreign forum and (7) the law of the forum. *Lauritzen v. Larsen*, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953). In addition to the *Lauritzen* standard, a shipowner's base of operation should be considered, and each fact or group of facts must be tested in the light of the underlying objective which is to effectuate the "liberal purposes of the Jones Act." *Hellenic Lines v. Rhoditis*, 398 U.S. 306, 90 S.Ct. 1731, 26 L.Ed.2d 252 (1969).

Plaintiff's interrogatories were directed at such material factors as the allegiance of the defendant shipowner, the place where the contract of employment was made, the base of the shipowner's operation, and the law of the forum, presenting a possibility that information in defendant's affidavit might be subject to challenge had the interrogatories been answered. The dismissal by the district court was premature in that it did not review all of the necessary factors upon which a resolution of the presence or absence of proper jurisdiction must be based.

Appellee relies upon *Merren v. A/S Borgestad*, 519 F.2d 82 (5th Cir. 1975) for the proposition that there is no error in dismissing a Jones Act claim for lack of jurisdiction prior to the completion of all of the interrogatories by defendant. *Merrens* is distinguished by the fact that there the court had reviewed the answers to specific interrogatories addressing jurisdictional factors in compliance with the *Lauritzen* standard, before dismissing the action, although all interrogatories had not been completed.

We hold under the circumstances of this case, that the district court dismissal for lack of jurisdiction was error. Plaintiff is not required to rely exclusively upon a defendant's affidavit for resolution of the jurisdictional issue where that defendant has failed to answer plaintiff's interrogatories specifically directed to that issue. To hold otherwise would permit an advantage to a defendant who fails to comply with the rules of discovery.

This opinion should not be interpreted as expressing an opinion as to the ultimate outcome of the jurisdictional issue or the merits of the case. We merely hold that the rules entitle a plaintiff to elicit material facts regarding jurisdiction through discovery before a claim may be dismissed for lack of jurisdiction.

REVERSED and REMANDED.