## CIRCUIT COURT OF LEE COUNTY

Phillip M. Standifer

v.

Ellis D. McClure

January 6, 1981

Case No. 1780

BY JUDGE S. W. COLEMAN, III

The defendant has assigned three grounds of error in moving the court to set aside the jury verdict awarding the plaintiff $50,000.00:

1. Failure of the Court to declare a mistrial for improper remarks of plaintiff's counsel in opening statement,

2. Improper admission in evidence of medical videotape depositions which were not approved in advance pursuant to Rule 4:5(b)(4), and

3. Error by the Court in granting Instructions Nos. 8 and 9.

As to the contention that plaintiff's counsel made improper remarks in opening statement, there is no debate that the remarks were improper; the court so ruled at trial and sustained the timely objection. The court denied defense counsel's motion for a mistrial. Upon sustaining the objection, the court admonished the jury that an opening statement is not evidence and should not be considered as such and that the jury's decision should "be based solely on the evidence presented by the witnesses in the courtroom." Also, immediately prior to opening statements, in the cautionary instructions given to the jury, the court had told the jury that opening statements were not evidence and instructed the jury to not consider "testimony or exhibits" to which an objection was sustained. The defendant contends that it was obligatory for the court to make a direct and positive statement for the jury to disregard the improper remarks and that the court did not so do.

It is not contended nor is there any reason to believe that the objectionable remarks were deliberately interjected into this case. The specific statement by plaintiff's counsel was, "And as a result of this second accident, a month or so after it, he signed up for Social Security disability and is presently drawing Social Security disability as a result of this accident." Defense counsel noted that a major issue which would be in dispute in the trial of the case was whether the injuries were disabling and that plaintiff's counsel was, in effect, informing the jury that a governmental agency had already determined that the plaintiff was disabled. Defense counsel contends that the prejudicial effect of the statement to the jury could not be cured because, by its nature, once in the case there is a "manifest probability" that it could not be removed by instructions from the court and would continue to adversely influence the jury; but, even if susceptible of being cured, defense counsel contends the court failed to take the necessary action by making a direct and affirmative admonition to the jury to disregard the remarks.

Thus, the first issue to be addressed is, "Did there remain, irrespective of the court's ruling or admonition, a 'manifest probability' that the jury would be prejudicially influenced by the remarks of plaintiff's counsel?" The numerous cases applying the rule look to the facts and circumstances of each individual case in determining whether it appears probable that the jury's determination was influenced by improper remarks which the jury was not able to disregard. In each case there must be a balancing and weighing of all factors, including the improper remarks vis-a-vis the quality and quantity of the probative evidence to support the jury's verdict and the extent to which it is in conflict; in other words, in viewing the total evidence in the case, does there appear a "manifest probability" that the improper remarks had a prejudicial effect upon the jury's verdict?

In determining whether there is a "manifest probability" of a prejudicial effect remaining to influence the jury's verdict, on a post-trial motion to set aside the verdict, the court must guard against the tendency to now magnify or give undue emphasis to the statement merely in light of the events that transpired but must also not look at the remarks in a vacuum with no consideration for the results reached. That is to say, while a trial court may determine that remarks in opening statement do not at the time appear sufficiently prejudicial to declare a mistrial, it may develop that as the issues and

evidence are presented, the significance of the prior statement may take on greater dimensions and a prejudicial effect become more apparent. However, a trial court in reconsidering its prior ruling or a reviewing court should not conclude that merely because the plaintiff was ultimately awarded a favorable verdict, that such was "probably" the product of prejudicial remarks in opening statement. The remarks should not be viewed completely out of context. In viewing the jury's verdict in retrospect, as is required in determining whether there is a "manifest probability" that improper remarks in opening statement ultimately had a prejudicial effect upon the verdict, one must look to the totality of the case to determine whether the improper remarks appear to have influenced the jury verdict. Such requires more than merely determining whether there is evidence to support the jury verdict but necessitates a balancing of factors. Some matters to be considered are the issue to which the improper remarks pertain, the extent to which the issue is in conflict, the nature of the evidence bearing on the issue, the nature of the improper remark, the context of the remark, the emphasis placed on the remark or whether isolated, and whether in light of all the circumstances of the case it now appears probable that the improper remarks impacted on the jury's decision.

Obviously, at the time the remarks were made, the court determined that such was not so prejudicial that a mistrial would be required. The court was of the opinion that the ill-effects could be cured by a proper ruling and direction to the jury to not consider the remarks. Let us now reconsider that ruling in view of the total case as it subsequently developed. The extent of plaintiff's injuries and whether they were disabling was the major issue in the case. On that issue, the plaintiff and his wife both gave extensive evidence. Medical testimony concerning the nature of the injuries and whether such were disabling was explored in depth by depositions of Drs. Carroll E. Rose, Stephen Natelson and Dean R. Conley and a Doctor of Psychology, Martin J. Krakauer. There was extensive cross-examination as to the nature and extent of the injuries and whether disabling. There was no independent medical evidence introduced by the defendant that the injuries complained of were not caused by the accident or that the injuries were not disabling; to the extent that the issue as to causation and nature of the injuries and whether disabling was in conflict, such was primarily raised by the plaintiff having the

burden of proof, the weight of the plaintiff's evidence and the challenge raised upon cross-examination. It should also be noted that the improper remark by counsel did not go into the nature of the injuries or suggest that the issue or standard of disability had already been determined. The remark did not undertake an explanation of any disability or the extent or duration. The remark viewed in context of the remaining opening statement did not in the opinion of the court, add any greater or lesser significance or meaning to the burden resting with the plaintiff to prove that the injuries complained of were caused by the defendant and the extent of such injuries. Viewing the entire case and the opening statement in context, it seems that the court and both counsel emphasized that the jury would be required to make an independent determination from the evidence before it whether the injuries complained of by the plaintiff were caused by the accident and the extent to which such injuries were disabling. The opening statements by both counsel actually emphasized the factual aspects of whether the plaintiff was disabled. There was nothing, even the statement, to suggest that a determination of disability by Social Security be substituted for the jury's determination. In context of the entire case as viewed by the trial judge, the remark seems to be a very isolated incident that had no bearing upon the result. Considering the entire case and viewing the ruling in retrospect, I am of the opinion that, if the court adequately admonished the jury to disregard the improper remarks, such were not so prejudicial or of such a nature that it is "manifestly probable" the jury verdict was adversely influenced.

A remaining inquiry is whether the admonition by the court was adequate? The defendant contends that the admonition to the jury by the court that opening statements are not to be considered as evidence was insufficient to cure the error. Relying on *Coffey v. Commonwealth*, 188 Va. 629 (1949), defense counsel contends that, even if the prejudicial effects of the improper statements could be corrected, in order to cure the adverse effects, a "direct, positive or comprehensive admonishment" for the jury to disregard the statement must be given. Counsel argues that in this instance, the jury was never told in unequivocal terms to disregard the statement but was merely told that opening statements could not be considered as evidence. The court purposefully avoided repeating the remarks from the opening statement to be disregarded in order to not over-

emphasize or call undue attention to the remarks. As pointed out in cases cited by defense counsel, merely sustaining an objection may not be sufficient to cure the prejudicial effects of an improper statement; however, the court went beyond merely sustaining the objection. The jury was told that opening statements are not evidence and the jury should not consider the statements in arriving at their verdict. The jury was told that their verdict should be based solely on the evidence presented from the witnesses. Perhaps a more direct and positive statement to disregard the improper remark would have been desirable; nevertheless, I am of the opinion that the admonition given to the jury, together with the cautionary instructions at the outset of the case, made it abundantly clear that the remarks to which the objection was sustained were not to be considered and went even further in telling the jury that only the testimony of witnesses and exhibits admitted into evidence were to be considered by them. Simply stated, the admonition and instructions were sufficient to remove the taint from any improper remarks in the opening statements and to not only inform the jury that such remarks were not to be considered but their attention was directed to those aspects of the trial that were properly to be considered. Accordingly, after reconsidering the action of the court in denying a mistrial after sustaining the objection to improper remarks by plaintiff's counsel during opening statements, I am of the opinion that the jury was properly instructed to not consider the remarks and that no "manifest probability" exists that the verdict was adversely influenced by the remarks.

Second, the defendant contends the court committed reversible error in admitting medical evidence by videotape depositions which had not been sanctioned in advance pursuant to Rule 4:5(b)(4) of the Rules of Court. Defense counsel did assert a timely objection before trial when the medical depositions were taken (Rule 4:7(d)(3)(B)) and submits that the court could not consent *post facto* to the method by which depositions were taken. Defense counsel states that there are no cases directly on point but cites *Savage v. Isthmian S.S. Co.*, 6 F.R.D. 311 (E.D. Penn. 1946), as an analogous situation in which a trial court suppressed a deposition taken prior to the case maturing without leave of court contrary to Rule 26(a) of the Federal Rules. The defendant acknowledges that the videotape depositions are accurate and trustworthy but asserts that unless strict adherence to the Rule is required, the Court would in effect abolish the Rule by prece-

dent and leave courts free to determine the propriety after the fact without regard to the Rules of Court. The defense insists that once the objection is properly asserted, it should be incumbent upon the moving party to seek a ruling and order before proceeding in apparent knowing violation of the Rule.

It is my opinion that defendant's reliance upon *Savage v. Isthmian, supra,* is misplaced. Defense counsel cites the case for the proposition that the court cannot after the fact exercise its discretion to permit the taking of depositions which would have required prior court approval. The *Savage* case merely held that under the circumstances of that case, the trial judge would not permit circumvention of the Rules but by implication, the judge appears to acknowledge that he possessed the discretion to do so. In that case, the trial judge saw fit not to permit depositions, which had been taken without proper notice and without the adverse party being present for cross-examination, to be introduced in evidence. Nevertheless, the facts and circumstances of the case at bar differ substantially on their merits from *Savage.* In the case at bar, while adherence and compliance with the Rules of Court is a major concern, the primary issue and reason for Rule 4:5(b)(4) is to assure the accuracy and trustworthiness of the method utilized for recording and preserving depositions. There is no contention that the depositions were not accurate or that counsel did not have a full opportunity to cross-examine the witnesses. But, defense counsel contends that the procedure followed precluded the Court from having an opportunity to exercise proper supervision over the method used and to assure uniformity throughout. Such is not the case. While it is preferable to have advance approval and the Rule envisions that the court approve the method in advance, the court could still exercise supervision afterwards if it appears that the methods used may have yielded an improper or questionable result or for any other good cause appearing to the court. It should further be observed that the Rule implicitly approves stenographic recording and transcription but leaves to the sound discretion of the trial court the approval of any other methods. Due to the scarcity of short-hand reporters in the area, the vast majority of depositions are taken by electronic audio-recording devices without objection and without prior approval, rather than by stenographic means. If this court followed the lead of the *Savage* case, it would *sua sponte* require such strict adherence to the Rules, and no deposi-

tions except those taken by agreement would be proper. While such may be permissible, it is discretionary and not mandatory.

I am of the opinion that Rule 4:5(b)(4) does envision prior approval of the method for taking and preserving depositions if other than by stenographic means but that the court *may* exercise such discretion in any appropriate case after the fact. In determining whether to admit the depositions at trial by ordering approval of the method already used, the court considered that although an objection was timely made, such was not brought to the court's attention until the morning of trial necessitating either suppression or a continuance if an opportunity were to be afforded the party to seek court approval and retake the depositions. Admittedly, an objection had been timely made, and it should not be incumbent upon the objecting party to assure that the Rules were complied with by opposing counsel; nevertheless, the court was not permitted an opportunity to consider the problem until the morning of trial and at that point determined that the factors of accuracy and trustworthiness should take precedence over the purely supervisory interests of the court. Additionally, there was a written transcript which had been made from the electronic audio-recording to substantiate the accuracy and trustworthiness of the videotape depositions. The court is of the opinion that a videotape deposition depicting the actual presentation of the deponent is preferable to a witness reading a transcript in court supplying his own emphasis, inflection, speech patterns, etc., which most frequently differ from the witness.

Thus, I am of the opinion that it was not error to approve after the fact the method by which the depositions were taken even though there had not been strict adherence to Rule 4:5(b)(4). Such was within the sound discretion of the court. Even if the admission of the videotape deposition was error, it was harmless since the evidence contained therein was accurate and trustworthy and could have been introduced by written deposition.

As to the third assignment of error that Instructions 8 and 9 were not supported by the evidence and were repetitious, the court finds no merit in either contention. It appearing unto the court that the jury verdict is supported by the evidence, accordingly, the motion to set aside the verdict shall be overruled.