438 So.2d 912 (1983)
FAR OUT MUSIC, INC., Far Out Productions, Inc., Far Out Management, Ltd., Steven Gold and Jerry Goldstein, Petitioners,
v.
Leroy Lonnie JORDAN, Sylvester Allen, Harold Brown, and Howard Scott, Individually, and As the Recording and Performing Musical Group Known As "War," Respondents.
No. 83-1820.
District Court of Appeal of Florida, Third District.
September 27, 1983.
*913 Silver & Silver & Richard R. Booth and Ira S. Silver, Miami, for petitioners.
Haddad, Josephs & Jack and Gary Gerrard, Miami, for respondents.
Before HENDRY, HUBBART and DANIEL S. PEARSON, JJ.

ON PETITION FOR WRIT OF CERTIORARI
DANIEL S. PEARSON, Judge.
In May 1983, the above-named petitioners appealed from a non-final order denying their motions to quash service of process and to dismiss the case for lack of jurisdiction over their persons. See Fla.R.App.P. 9.130(a)(3)(C)(i). Notwithstanding that the aforementioned appeal was still pending in this court (and is still pending to this date), the trial court in July 1983 ordered the petitioners to respond to a request for production of documents and to answer interrogatories served upon them. The petitioners now seek certiorari from this latter order, contending that until we have determined the issue on appeal, that is, whether the trial court has jurisdiction over their persons, the trial court's exercise of jurisdiction over them by compelling discovery is a departure from the essential requirements of the law. We agree with this contention and grant the petition for writ of certiorari and quash the trial court's order.
In Ward v. Gibson, 340 So.2d 481 (Fla. 3d DCA 1976), this court held that a defendant who has appealed an order determining that the trial court has acquired jurisdiction over his person may not be compelled to appear for deposition while that appeal is pending. The rationale of our decision was that:
"[I]nasmuch as the subject matter of such an interlocutory appeal is the very question of the trial court's right to proceed with an exercise of jurisdiction over the defendant, the trial court has a right to proceed with the cause but not to destroy the subject matter of the appeal." Id. at 482.
The respondents apparently concede that they should not be permitted to seek discovery from these still putative parties as to matters going to the merits of their action. They argue, however, that they should be able to seek discovery of evidence which can be used to defeat the petitioners' claim of lack of jurisdiction. But Ward v. Gibson makes no such distinction, and, indeed, given the rationale of that decision, no such distinction can be made. If indeed the respondents are, at this stage of the proceedings, arguably entitled to procure documents or testimony from the petitioners, they cannot do so by utilizing rules of discovery pertaining to parties. Instead, as Ward v. Gibson suggests, they must treat the petitioners as any other witnesses and attempt to procure answers and the production of documents from the petitioners by a subpoena duly served upon them.
Writ of certiorari granted; order under review quashed.