NIMMONS, Judge.
This is a petition for writ of certio-rari in which the petitioner, Seminole Enterprises of Bonifay, Florida, Inc. (“Seminole”), not a party in the proceedings below, complains of an order requiring it to produce for one of the parties its books and records. Finding that the order departs from the essential requirements of the law and that the petitioner has no adequate remedy by appeal, we grant the petition.
*1302 The respondent and her husband, John F. Manuel, are parties to a marriage dissolution proceeding in the lower court. Respondent filed a motion seeking discovery of the corporate books and records of Seminole and another corporation, Tri-County Gas, Inc. (“Tri-County”). Respondent alleged that her husband was the owner of ⅝ of the outstanding stock in both corporations and that such stock was acquired during the marriage through the joint efforts of husband and wife. The motion sought “an order requiring John F. Manuel to demand access and allow Joan H. Manuel’s certified public accountant to examine the corporate books and records” of the two corporations.
Among the findings set forth in the subject order[1] are that the husband has not paid support for the wife or their child, that the husband is president of Tri-County and vice-president of Seminole, that the value of the husband’s stock in those corporations is the primary asset of the parties, that the wife has worked for many years as an employee of Tri-County, and that she has signed leases and obligated herself personally in conjunction with the organization- and operation of Seminole. The order also recited that the attorney for both corporations was given notice of the hearing on the subject motion. The order concluded: “Said corporation shall make available to Joan Manuel, her attorney and accountant, the following at reasonable times and places.... ”
Unfortunately, the order went beyond the relief sought in the motion in a very significant way. The motion only sought an order requiring the husband, a party to the suit, to make demand upon the two corporations for production of the pertinent records. But the order purports to exercise jurisdiction over the corporations by directing them to produce the documents. This the court could not lawfully do inasmuch as the corporations were not parties to the proceedings. If, on the other hand, the wife had caused a subpoena duc-es tecum to be served upon the corporations, she might well have been entitled, by seeking enforcement of such subpoena, to the kind of order which the court entered. See Palmer v. Servis, 393 So.2d 653 (Fla. 5th DCA 1981).
The fact that, according to the order’s recitation, the attorney for the corporations was served with notice of the motion hearing does not cure the deficiency in the proceedings which resulted in the subject order. Perhaps if the court’s order were predicated upon a valid finding that the corporation was the alter ego of the husband, the order might be sustainable. However, the order is clearly not bottomed upon that theory and the findings articulated in the order would not support such theory.
Accordingly, the petition is granted and the order is quashed insofar as it requires acts to be performed by Seminole.[2]
ERVIN, C.J., and SMITH, J., concur.

. The parties have not included in their appendices a transcript of the hearing.

. Inasmuch as Tri-County has not joined with Seminole in seeking relief via the instant certio-rari proceeding, our disposition does not affect the subject order as such order pertains to TriCounty.