512 So.2d 997 (1987)
F. HOFFMANN LaROCHE & CO., LTD., Sapac Corporation, Ltd., Petitioners,
v.
Yolanda FELIX, As Personal Representative of the Estate of Kevin Felix-Baptiste, Deceased and William F. Childers and Holly Childers, As Personal Representatives of the Estate of William Giles Childers, Deceased, Respondents.
No. 87-742.
District Court of Appeal of Florida, Third District.
August 18, 1987.
Rehearing Denied October 5, 1987.
*998 Daniels & Hicks and Barbara Green and Elizabeth Koebel Clarke and Ralph Anderson, Miami, for petitioners.
Jeffrey P. Kaiser, Hialeah, for respondents.
Before SCHWARTZ, C.J., and HENDRY and NESBITT, JJ.
SCHWARTZ, Chief Judge.
The petitioners, which are foreign corporations named as defendants below in consolidated wrongful death actions, seek certiorari review of an order requiring them to answer party interrogatories. One, Sapac Corporation, Ltd., has not yet been served with process of any kind. The other, F. Hoffmann LaRoche & Co., Ltd., had been served under the long-arm statute, but has filed still-pending motions to dismiss for lack of jurisdiction on the ground that it was not "doing business" or otherwise properly subject to personal jurisdiction in Florida. In this posture, the plaintiffs served party interrogatories on both defendants through their attorneys pursuant to Fla.R.Civ.P. 1.340 ("Interrogatories to Parties"), which sought information concerning the jurisdictional-service of process[1] issues before the lower court. Over their objection, the trial judge ordered both Sapac and Hoffmann to answer the interrogatories. We grant certiorari and quash these orders.
It is first apparent, indeed elementary, that in the total absence of even a purported subjection of Sapac to the jurisdiction of the court, there is no authority to require its response to discovery of any kind or indeed any aspect of judicial authority. See Seminole Enterprises of Bonifay, Florida, Inc. v. Manuel, 464 So.2d 1301 (Fla. 1st DCA 1985). We come to the same result, although for a very different reason, as to the petitioner, Hoffmann. In Far Out Music, Inc. v. Jordan, 438 So.2d 912 (Fla. 3d DCA 1983), this court, following Ward v. Gibson, 340 So.2d 481 (Fla.3d DCA 1976), held that a plaintiff could not seek party discovery, including the use of interrogatories, as to jurisdictional issues while that question is being contested by the defendant on appeal from an order sustaining jurisdiction. The holding in Far Out, which is essentially that a defendant does not become a "party" for discovery purposes until the question is finally determined on review, applies a fortiori to the present case in which the issue has not yet been decided even at the trial level. Since, in the absence of a decision to overrule Far Out by the court en banc,[2] the present panel is bound by that previous case, see In Re Rule 9.331, 416 So.2d 1127 (Fla. 1982), we uphold Hoffmann's position solely on that authority.[3]
Certiorari granted.[4]
NOTES
[1] From Sapac, the plaintiffs sought to determine how and where to serve that defendant!
[2] The court as a whole has not agreed to the panel's request for en banc consideration of this case.
[3] Were the question an open one, the panel would be most inclined to follow the modern federal cases, see Ruiz v. Brea, 489 So.2d 1136 (Fla. 3d DCA 1986); Mims v. Casademont, 464 So.2d 643 (Fla. 3d DCA 1985), which, seemingly without exception, adopt the rule that appropriate jurisdictional discovery, including interrogatories, production, and depositions directed to "parties," are available while the jurisdictional issue is pending. E.g., Blanco v. Carigulf Lines, 632 F.2d 656 (5th Cir.1980) (interrogatories); Davis v. Asano Bussan Co., 212 F.2d 558 (5th Cir.1954) (same); Silk v. Sieling, 7 F.R.D. 576 (E.D.Pa. 1947) (depositions and interrogatories). See generally Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 n. 13, 98 S.Ct. 2380, 2390 n. 13, 57 L.Ed.2d 253, 265 n. 13 (1978) ("For example, where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues."); 8 C. Wright & A. Miller, Federal Practice and Procedure §§ 2009 n. 34, 2011 n. 88 (1970); 4 J. Moore, J. Lucas & G. Grotheer, Moore's Federal Practice § 26.56[6] n. 2 (1986); Note, The Use Of Discovery To Obtain Jurisdictional Facts, 59 Va.L.Rev. 533 (1973). As the court said in Silk:

There can be no doubt that this Court has the judicial power to hear and determine questions involving its jurisdiction either of the person or of the subject matter nor that, in order to resolve fact issues on which jurisdiction depends, the ordinary process of the court is available to cause evidence bearing on the fact in issue to be produced. For this limited purpose the Court has obtained jurisdiction, albeit a special, limited or preliminary jurisdiction, over the defendants when, appearing specially, they challenge the validity of the service.
Silk, 7 F.R.D. at 577.
[4] Since the petitioners at all times preserved their jurisdictional challenges and the discovery position based on that claim, we find no merit in the respondents' contention that the defendants' present objections have been waived. See Cumberland Software, Inc. v. Great American Mortgage Corp., 507 So.2d 794 (Fla. 4th DCA 1987).