PER CURIAM.
Gleneagle Ship Management Co. (Glen-eagle) petitions this court for a writ of certiorari to review a discovery order entered by the circuit court. We deny the petition.
Gleneagle is being sued under the Jones Act, 46 U.S.C.App. § 688, by respondent Anthony Leondakos. In his complaint Leondakos alleges that he suffered physical injury when he fell off a stairwell on the vessel Bridgeton, which was then operating in the Persian Gulf. Leondakos contends the stairwell was negligently maintained. Although the complaint sufficiently alleges personal jurisdiction, Gleneagle has moved to dismiss the complaint on the theory that the court below is without jurisdiction.
Before the motion to dismiss could be heard Leondakos served the discovery request that is the subject of this petition for certiorari. The discovery request relates only to the issue of jurisdiction, not to the merits of the ease. Gleneagle argues that this is a distinction without a difference. Its primary authority is F. Hoffmann La-Roche & Co., Ltd. v. Felix, 512 So.2d 997 (Fla. 3d DCA 1987). Under facts somewhat similar to the present case, the court in Hoffmann LaRoche found that a defendant does not become a “party” for purposes of discovery until jurisdictional questions are “finally determined.”
We decline to adopt the holding in Hoff-mann LaRoche. Notably, that panel expressed a preference for the policy followed in the federal judicial system, which would permit the limited scope of discovery contemplated by Leondakos in this case. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 n. 13, 98 S.Ct. 2380, 2390 n. 13, 57 L.Ed.2d 253, 265 n. 13 (1978), and other authorities cited in Hoffmann LaRoche at 512 So.2d 998 n. 3. The panel apparently considered itself bound by a previous decision of the same court, Far Out Music, Inc. v. Jordan, 438 So.2d 912 (Fla. 3d DCA 1983), and lacked support for revisiting that decision en banc.
We believe the federal rule represents the better approach to the question, and hold that “jurisdictional discovery” is available during the pendency of jurisdictional issues, subject of course to the supervision of the trial court.
Petition denied.
RYDER, A.C.J., and DANAHY and PARKER, JJ., concur.