602 So.2d 1282 (1992)
GLENEAGLE SHIP MANAGEMENT CO., etc., et al., Petitioners,
v.
Anthony LEONDAKOS, et ux., Respondents.
No. 78248.
Supreme Court of Florida.
July 16, 1992.
Nathaniel G.W. Pieper and David W. McCreadie of Lau, Lane, Pieper & Asti, P.A., Tampa, for petitioners.
Corey R. Stutin, Hendrik Uiterwyk and John Golding of Trapp, Chastain & Uiterwyk, P.A., Tampa, for respondents.
HARDING, Justice.
We have for review Gleneagle Ship Management Co. v. Leondakos, 581 So.2d 222 (Fla. 2d DCA 1991), based on express and direct conflict with F. Hoffmann LaRoche & Co. v. Felix, 512 So.2d 997 (Fla. 3d DCA 1987). We have jurisdiction based on article V, section 3(b)(3) of the Florida Constitution.
The issue here is whether discovery is appropriate on jurisdictional issues while the jurisdictional question is still pending before the trial court. Although this issue is one of first impression in this Court, we note that the federal courts allow discovery to answer jurisdictional questions and find that this policy expresses the better view.
Anthony Leondakos (Leondakos), a Florida resident, brought an action alleging that he was injured in the Persian Gulf while on board the Bridgeton, a ship owned and operated by the petitioners, Gleneagle Ship Management Company and Chesapeake Shipping. Leondakos contends *1283 his injury occurred because the petitioners negligently maintained a stairwell on the ship. He filed an action in the circuit court based on general maritime law and the Jones Act, 46 U.S.C.App. § 688 (1988). Because the petitioners are foreign corporations, the Florida Secretary of State accepted the summons and complaint pursuant to chapter 48 of the Florida Statutes. The petitioners filed an answer and affirmative defenses to the complaint alleging the following grounds: 1) failure to state a cause of action; 2) lack of personal jurisdiction; 3) improper venue; 4) negligence on Leondakos' part; 5) lack of subject matter jurisdiction; 6) forum non conveniens; and 7) failure to comply with section 768.72, Florida Statutes (1989) (no claim for punitive damages can be brought in a civil action without a reasonable showing by the evidence of a basis for recovery of such damages). One month later, the petitioners filed a motion to dismiss based on a lack of personal jurisdiction, forum non conveniens, and improper venue. The petitioners filed sworn affidavits from two of their corporate officers alleging a lack of contacts with the State of Florida.
In response to the motion to dismiss, Leondakos moved for a continuance asserting that he needed more time to complete discovery in order to support his contention that the trial court had proper jurisdiction. After the trial court granted the continuance, Leondakos filed a request for production and interrogatories. Leondakos' discovery requests focused on any business contacts that the petitioners might have with the State of Florida or its citizens. The petitioners filed a motion for a protective order on the grounds that until the trial court determined whether it had jurisdiction, Leondakos' discovery request was premature. When the trial court denied the motion for a protective order, the petitioners filed a writ of certiorari with the Second District Court of Appeal seeking the protective order, which the district court denied. The district court upheld the trial court and adopted the federal judiciary's policy of permitting discovery.[1] The district court held that "`jurisdictional discovery' is available during the pendency of jurisdictional issues, subject of course to the supervision of the trial court." Gleneagle, 581 So.2d at 223. Further, the district court expressly rejected the reasoning of the Third District Court of Appeal in F. Hoffmann LaRoche.
In F. Hoffmann LaRoche, the Third District Court of Appeal held that a plaintiff could not seek discovery as to jurisdictional issues while the question of jurisdiction was still before the trial court. In F. Hoffmann LaRoche, the court followed the reasoning of Far Out Music, Inc. v. Jordan, 438 So.2d 912 (Fla. 3d DCA 1983), which "held that a plaintiff could not seek party discovery, including the use of interrogatories, as to jurisdictional issues while that question is being contested by the defendant on appeal from an order sustaining jurisdiction." F. Hoffmann LaRoche, 512 So.2d at 998 (explaining Far Out Music). The district court in F. Hoffmann LaRoche reasoned that if discovery as to jurisdictional issues was not allowed until the question was finally determined on review, then discovery would not be allowed where the trial court has not decided the issue of jurisdiction. However, the court also stated that had the question been an open one, it would have favored applying the federal rule which permits jurisdictional discovery, including interrogatories, production, and depositions directed to "parties," while the jurisdictional issue was still pending before the trial court. F. Hoffmann LaRoche, 512 So.2d at 998 n. 3.
Although the Federal Rules of Civil Procedure and the Florida Rules of Civil Procedure differ in some respects, "the objective in promulgating the Florida rules has been to harmonize our rules with the federal rules." Miami Transit Co. v. Ford, 155 So.2d 360, 362 (Fla. 1963); see also Fontainebleau Hotel Corp. v. Walters, 246 So.2d 563, 565 (Fla. 1971) (Florida's rules modeled after federal rules of civil procedure). Thus, we look to the federal *1284 rules and decisions for guidance in interpreting Florida's civil procedure rules. See Zuberbuhler v. Division of Admin., 344 So.2d 1304, 1306 (Fla. 2d DCA 1977).
Federal courts permit discovery for the purpose of determining issues such as whether jurisdiction exists. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 n. 13, 98 S.Ct. 2380, 2389 n. 13, 57 L.Ed.2d 253 (1978). In Silk v. Sieling, 7 F.R.D. 576, 577 (E.D.Pa. 1947), the federal district court stated:
There can be no doubt that this Court has the judicial power to hear and determine questions involving its jurisdiction either of the person or of the subject matter nor that, in order to resolve fact issues on which jurisdiction depends, the ordinary process of the court is available to cause evidence bearing on the fact in issue to be produced.
The Silk court reasoned that if it refused to allow discovery, defendants would be able to withhold facts concerning the issue which the defendants had raised to the court. In another case which is factually similar to the instant case, the Fifth Circuit Court of Appeals held that a sailor injured on a foreign ship was "not required to rely exclusively upon a defendant's affidavit for resolution of the jurisdictional issue where that defendant ha[d] failed to answer plaintiff's interrogatories specifically directed to that issue." Blanco v. Carigulf Lines, 632 F.2d 656, 658 (5th Cir.1980). The Fifth Circuit reasoned that to require a plaintiff to rely solely on a defendant's affidavits regarding jurisdiction would give the defendant, who fails to comply with discovery, an unfair advantage in the proceedings.
We adopt the federal courts' policy allowing discovery on questions of jurisdiction because limited discovery in such instances will provide the trial court with additional information on which to base its decision regarding jurisdiction. This policy is in harmony with our decision in Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla. 1989), where this Court set out the procedure to be followed when a nonresident defendant contests the complaint regarding jurisdiction or lack of minimum contacts. As we stated in Venetian Salami:
A defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of minimum contacts must file affidavits in support of his position. The burden is then placed upon the plaintiff to prove by affidavit the basis upon which jurisdiction may be obtained. In most cases, the affidavits can be harmonized, and the court will be in a position to make a decision based upon facts which are essentially undisputed.
Id. at 502-03 (citation omitted). Venetian Salami presented a problem of opposing and irreconcilable affidavits. Under those facts, we held that the trial court should conduct a limited evidentiary hearing in order to determine the jurisdictional issue. Limited discovery on jurisdictional issues will assist the trial court in answering the question of whether to grant or deny jurisdiction. While a plaintiff should not file a frivolous complaint alleging personal jurisdiction, we recognize that averments made in good faith may not always rise to assertions which could be made under oath. Thus, a plaintiff should be able to conduct limited discovery on the jurisdictional question in order to gather facts and file an opposing affidavit. Once discovery on the jurisdictional issue is concluded, the procedure outlined in Venetian Salami should be followed by the trial court.
We emphasize that the discovery which is envisioned by our holding here should not be broad, onerous or expansive, nor should it address the merits of the case. Also, where possible, the discovery should be carried out so as to minimize expense to the defendant.
Accordingly, we approve the Second District Court of Appeal's decision in Gleneagle and disapprove the Third District Court of Appeal's decision in F. Hoffmann LaRoche to the extent it is inconsistent with this opinion. We remand to the trial court for proceedings consistent with this opinion.
It is so ordered.
*1285 BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 n. 13, 98 S.Ct. 2380, 2389 n. 13, 57 L.Ed.2d 253 (1978) (allowing discovery for limited jurisdictional questions).