JOHNSON, Circuit Judge,
concurring in part, dissenting in part:
This writer concurs in part III-A of the majority’s opinion. However, in my view, the Court should remand this case for the allowance of discovery on the jurisdiction and forum non conveniens issues. By failing to reverse and remand, the majority — without explanation or authority[1] — reverses well-settled and well-reasoned Fifth Circuit law. This dissent is therefore tendered.
The majority opinion states that “[t]he Villars also contend that the district court erred when it denied them additional discovery.” Villar, supra at-(emphasis added). However, the record, the briefs, the district court’s opinion and counsel for the parties, themselves, all acknowledge that there has been absolutely no discovery in the case sub judice. While it is true that the parties engaged in discovery with respect to a forum non conveniens issue ten years ago in a California case, it is quite elementary that personal jurisdiction analysis and forum non conveniens analysis are completely different.
Evaluating personal jurisdiction in Texas requires courts to review the relationship between the defendant and the forum state to determine whether sufficient purposeful contacts exist and to ensure that traditional notions of “fair play and substantial justice” would not be offended by haling the defendant into court. Asahi Metal Industry Co. v. Superior Court of California, 480 U.S. 102, 109, 113, 107 S.Ct. 1026, 1030-31, 1033, 94 L.Ed.2d 92 (1987); Command-Aire Corp. v. Ontario Mechanical *1501 Sales and Service Incorporated, 963 F.2d 90, 94 (5th Cir.1992).
However, in forum non conveniens cases, courts do not look at contacts between the defendant and the state. The ultimate inquiry in forum non conveniens cases is convenience — not minimum contacts and not fair play and substantial justice. Koster v. (American) Lumbermens Mutual Casualty Co., 330 U.S. 518, 527, 67 S.Ct. 828, 833, 91 L.Ed. 1067 (1947); Command-Aire, 963 F.2d at 95; In re Air Crash Disaster Near New Orleans, Louisiana on July 9, 1982, 821 F.2d 1147, 1163 (5th Cir.1987) (en banc). With respect to forum non conveniens issues, courts are to first determine whether a more convenient forum exists. If such a forum is available, courts are then, and only then, to balance private interests with public interests.[2] Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255, 102 S.Ct. 252, 265, 70 L.Ed.2d 419 (1981); Command-Aire, 963 F.2d at 95.
Based upon the factors considered in personal jurisdiction and forum non conve-niens analyses, it should be patently clear that discovery on one issue is not tantamount to discovery on the other. Indeed, the United States Supreme Court acknowledged in its seminal forum non conve-niens opinion, Gulf Oil Corp. v. Gilbert, that forum non conveniens issues arise when courts, which actually have jurisdiction over the parties, find that exercising that jurisdiction would cause substantial inconvenience. 330 U.S. at 507, 67 S.Ct. at 842 (“a court may resist imposition upon its jurisdiction even when jurisdiction is authorized”). Thus, even if the discovery conducted by the Villars were recent — and there surely can be no question but that ten-year-old discovery is, in no way, recent — the forum non conveniens discovery conducted in California is wholly and completely insufficient for properly determining whether the alien defendants are subject to personal jurisdiction in Texas.
Hence, the emperor is found out. He really has no clothes — the Villars were denied jurisdictional discovery. It is now beyond dispute that discovery may be used for jurisdictional purposes.[3] Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 n. 13, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978).
This Court has often dealt with jurisdictional discovery, and until today, Fifth Circuit law was well-settled that when a diligent plaintiff presented a non-frivolous claim of jurisdiction and requested jurisdictional discovery, the district court was re *1502 quired to allow that discovery.[4] Blanco v. Carigulf Lines, 632 F.2d 656, 657 (5th Cir.1980) (asserting that “[t]his court has held that where the record left in doubt questions upon which jurisdiction could be based plaintiff ... had the right to employ interrogatories to develop fully the necessary facts”); Skidmore v. Syntex Laboratories, Inc., 529 F.2d 1244, 1248-49 (5th Cir.1976) (After the plaintiffs had propounded and received responses to 184 interrogatories and after the plaintiffs had had eight months in which to engage in discovery, this Court still held “that the district court acted too drastically in entering its order of dismissal without giving the plaintiff a further opportunity for discovery.”); Littlejohn v. Shell Oil Co., 483 F.2d 1140, 1146 (5th Cir.) (en banc), cert. denied, 414 U.S. 1116, 94 S.Ct. 849, 38 L.Ed.2d 743 (1973) (reversing the denial of jurisdictional discovery even though the plaintiff had agreed in writing that discovery would not take place until after the district court ruled on the defendants' motions to dismiss); Davis v. Asano Bussan Co., 212 F.2d 558, 564-65 (5th Cir.1954) (holding that “[t]he plaintiff was not required to rely exclusively on affidavits furnished by the defendants for answer to that question [of personal jurisdiction], but had a right to employ interrogatories to develop [the jurisdictional question] fully ” and asserting that “the district court ... should have received the complete information called for by the interrogatories before entering final judgment ” (emphasis added)). See Williamson v. Tucker, 645 F.2d 404, 414 (5th Cir.), cert. denied, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981) (deciding, “It is true that the factual determinations decisive of a motion to dismiss for lack of jurisdiction are within the court’s power.... But still the district court must give the plaintiff an opportunity for discovery and for a hearing” (emphasis added)); Chatham Condominium Associations v. Century Village, Inc., 597 F.2d 1002, 1012 (5th Cir.1979) (deciding that “dismissal for lack of subject matter jurisdiction prior to trial, and certainly pri- or to giving the plaintiff ample opportunity for discovery, should be granted sparingly”); see also Singletary, 828 F.2d at 1137 (stating that “[i]n an appropriate case, we will not hesitate to reverse a dismissal for lack of personal jurisdiction, on the ground that the plaintiff was improperly denied discovery” (quoting Wyatt, 686 F.2d at 283)).
The Fifth Circuit is not the only court which has determined that diligent plaintiffs who present non-frivolous claims of jurisdiction have a right to engage in jurisdictional discovery. Such is the rule, not only in other federal circuit courts, but also in a number of state courts.[5]
In this case, the question of jurisdiction was altogether unclear. The district court acknowledged that GTO, an alien defendant, once maintained an office in Texas and that vessels owned by one or more of the alien defendants pass through Texas *1503 ports. However, the court went on to determine that since the record showed nothing more, it would dismiss all of the claims against the alien defendants for lack of personal jurisdiction. However, a patent flaw exists in the district court’s, and therefore the majority’s, logic: The record showed no other jurisdictional facts because the district court prohibited the Vil-lars from engaging in jurisdictional discovery.
This flaw also exists in the district court’s and the majority’s forum non con-veniens analysis. The majority correctly states that a prior forum non conveniens determination precludes a later forum non conveniens determination unless the plaintiff can point to facts which changed materially after the initial determination. See Exxon Corp. v. Chick Kam Choo, 817 F.2d 307, 314 (5th Cir.1987), rev'd. on other grounds, 486 U.S. 140, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988). The majority also states that “[i]n the last ten years, the underlying facts have not materially changed.” Villar, supra at 1498. However, this Court actually does not know whether the facts have changed materially. It is true that the record reveals no such changes, but it is also true that, again, the plaintiffs were prevented from making such a showing because the district court precluded any and all discovery in this case. Nevertheless, the majority holds that the plaintiffs’ failure to do that which the district court prevented them from doing — finding and pointing out jurisdiction and forum non conveniens facts — is their ultimate downfall.
In my view, the majority’s holding countenances the resolution of contested jurisdiction questions based upon conjecture, not fact. Justice Holmes, writing for the Supreme Court, advised that when courts determine whether personal jurisdiction exists, “great caution should be used not to let fiction deny the fair play that can be secured only by a pretty close adhesion to fact.” McDonald v. Mabee, 243 U.S. 90, 91, 37 S.Ct. 343, 343-44, 61 L.Ed. 608 (1917) (emphasis added). Nevertheless, the majority has thrown “caution,” along with well-settled Fifth Circuit law, to the wind. As this Court properly announced almost forty years ago, “[t]he clearing of court dockets is one of the desiderata in the judicial function. But it should not be allowed to become a fetish for it does not rank with the raison d’etre of courts[]— the administration of justice based upon a full and fair disclosure of the facts.” Slagle v. United States, 228 F.2d 673, 679 (5th Cir.1956) (emphasis added).
Today, the majority ignores Slagle and a host of other Fifth Circuit precedent. I, therefore, respectfully dissent.

. This Court has consistently adhered to the policy that a panel may not overrule a prior panel’s decision, unless an intervening en banc or Supreme Court decision specifically or practically overruled the earlier opinion. Umphlet v. Connick, 815 F.2d 1061, 1063 (5th Cir.1987). Here, the majority attempts to overrule, not only past Fifth Circuit panel decisions, but also a Fifth Circuit en banc decision.

. In analyzing the private interests courts are to consider: 1) the parties’ access to sources of proof, 2) the availability of compulsory process for obtaining the attendance of unwilling witnesses, 3) the costs of obtaining the attendance of willing witnesses, 4) the ability to view the premises, if necessary, and 5) the existence of other practical problems which may interfere with expeditious and inexpensive judicial review of the case. Courts should also determine whether a judgment, if entered, would be enforceable. In re Air Crash Disaster, 821 F.2d at 1162 (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1957)).
In analyzing the public interests, courts are to consider 1) the administrative problems which flow from court congestion, 2) the interest in having localized controversies resolved at home, 3) the interest in having a court which is familiar with the applicable law to handle the case, and 4) the unfairness in burdening citizens with jury duty in a case which is unrelated to the forum. Courts should also consider whether conflicts of law issues will arise and whether foreign law applies. In re Air Crash Disaster, 821 F.2d at 1162-63 (quoting Gulf Oil Corp., 330 U.S. at 508-09, 67 S.Ct. at 843).

. In Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, the United States Supreme Court determined that discovery into jurisdictional matters is so important that a defendant’s failure to comply therewith allows the district court to sanction the defendant by assuming that personal jurisdiction exists. 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). The Court explained:
Having put the issue [of personal jurisdiction] in question, petitioners did not have the option of blocking the reasonable attempt of CBG [the plaintiff] to meet its burden of proof_ Because of petitioners’ [the defendants’] failure to comply with the discovery orders, CBG was unable to establish the full extent of the contacts between petitioners and Pennsylvania, the critical issue in proving personal jurisdiction.
*1502 Id. at 709, 102 S.Ct. at 2107.

. This Court has upheld the dismissal óf cases on jurisdictional grounds when there has been no discovery only when the plaintiff had opportunities to engage in jurisdictional discovery but chose not to fully avail himself of that opportunity, Singletary v. B.R.X., Inc., 828 F.2d 1135, 1137-38 (5th Cir.1987), or when the plaintiffs’ jurisdictional claims were frivolous. Wyatt v. Kaplan, 686 F.2d 276, 284 (5th Cir.1982); Washington v. Norton Manufacturing, Inc., 588 F.2d 441, 445 (5th Cir.1979).

. Boit v. Gar-Tec Products, Inc., 967 F.2d 671, 681 (1st Cir.1992); Edmond v. U.S. Postal Service General Counsel, 949 F.2d 415, 425 (D.C.Cir.1991); Crane v. Carr, 814 F.2d 758 (D.C.Cir.1987); Eaton v. Dorchester Development, Inc., 692 F.2d 727, 729 (11th Cir.1982); Wells Fargo and Co. v. Wells Fargo Express Co., 556 F.2d 406, 431 n. 24 (9th Cir.1977); Lekkas v. Liberian M/V Caledonia, 443 F.2d 10, 11 (4th Cir.1971); Fraley v. Chesapeake and Ohio Ry Co., 397 F.2d 1, 3 (3d Cir.1968); Surpitski v. Hughes-Keenan Corp., 362 F.2d 254, 255 (1st Cir.1966); Gleneagle Ship Management Co. v. Leondakos, 602 So.2d 1282, 1284 (Fla.1992); Hart Holding Co. v. Drexel Burnham Lambert Inc., 593 A.2d 535, 540 (Del.Ch.1991); Amigo Foods Corp. v. Marine Midland Bank-New York, 39 N.Y.2d 391, 384 N.Y.S.2d 124, 126-27, 348 N.E.2d 581, 583 (1976); Peterson v. Spartan Industries, Inc., 33 N.Y.2d 463, 354 N.Y.S.2d 905, 908 and n. 2, 310 N.E.2d 513, 515 and n. 2 (1974); see also 4 James W. Moore et al., Moore’s Federal Practice ¶ 26.56[6] (2d ed. 1991) (relating that ”[i]n cases in which jurisdiction depends upon complicated facts, however, it has been held that it is error to grant a motion to dismiss without affording the plaintiff an opportunity for discovery”).