# CIRCUIT COURT OF LOUDOUN COUNTY

Nicoli

v.

Nicoli

March 9, 2005

Case No. (Chancery) 23770

BY JUDGE THOMAS D. HORNE

The defendant has moved the Court in this divorce proceeding to quash process and to set aside the Final Decree of Divorce entered on July 28, 2004. She complains, *inter alia*, that the Decree was entered contrary to the provisions of Va. Code Ann. § 8.01-296(b) and is void.

Service of process of the Bill of Complaint was effected by posting. However, the complainant failed to mail process or to provide the alternative statutory notice prior to the entry of judgment by default. It is axiomatic that the bill may not be taken for confessed in a divorce proceeding. Va. Sup. Ct. R. 2:8. The issue presented is whether the defendant was in default, within the contemplation of Va. Code Ann. § 8.01-296(b), so as to trigger the additional notice requirements in cases of posted service.

The Court finds itself in agreement with Judge Wetsel's reasoning in *Prillaman v Prillaman*, 26 Va. Cir. 441 (1992), and that the issue presented by the failure to give the additional notice is one that requires an examination of the relief sought within the context of the requirements of constitutional and statutory due process. Thus, the distinction between *in rem* and *in personam* jurisdiction is important to an analysis of the sufficiency of the notice given. *Boyd v. Boyd*, 2 Va. App. 16 (1986). Such a distinction harmonizes the concepts of a default judgment contained in the statute and the default that has historically been recognized upon a failure to respond. *Bailey v. Bailey*, 62 Va. (21 Gratt.) 43 (1871).

The statutory prohibition against the granting of a divorce based upon consent or default traces its origins to the ecclesiastical courts of England. *Id.* at 50. While the Rules of the Supreme Court retain the distinction between default and having the bill taken as confessed in divorce cases, no such distinction is drawn in the statute with respect to notice. Va. Sup. Ct. Rules 2:7, 2:8. Notice sufficient to satisfy due process requirements differs when considering the nature of the underlying proceedings. Thus, if a party was unable to make service by posting, the Court may yet exercise jurisdiction to award a divorce upon notice by publication. Va. Code Ann. §§ 8.01-296(3), 20-104.

Accordingly, so long as notice in the underlying proceedings was properly given, the Court in this case had jurisdiction to determine the matter of the divorce. However, it did not possess *in personam* jurisdiction to adjudicate issues of support, custody, equitable distribution, or counsel fees. Va. Code Ann. § 20-99; *Baker v. Baker,* 194 Va. 284 (1952); *Morris v. Morris,* 4 Va. App. 539 (1987).